**Opinion issued October 6, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00599-CV

————————————

**ST. MINA AUTO SALES, INC. AND
VICTOR S. ELGOHARY, Appellants**

**V.**

**NAJWA AL-MUASHER D/B/A AMERICAN AUTO
SALES AND D/B/A AMERICAN AUTO SALES 1.1, Appellee**

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Case No. 2013-12024**

---

## O P I N I O N

In a dispute between two used car dealers, we determine whether (1) the trial court properly modified its dismissal order to reflect the parties' settlement agreement, (2) our court has appellate jurisdiction over an attorney's challenge to

the trial court's monetary sanction assessed against him, individually, and should permit the attorney's amended notice of appeal, and (3) the trial court acted within its discretion in assessing the sanction. We conclude that the trial court properly modified its dismissal order. We further conclude that we have appellate jurisdiction over the attorney's challenge to the trial court's sanctions order, but we reject his challenge on the merits. We therefore affirm.

## Background

St. Mina Auto Sales, Inc. ("Mina") purchased a 1996 Cadillac Deville from Najwa Al-Muasher d/b/a American Auto Sales and d/b/a American Auto Sales 1.1 ("AAS"). Mina later sued AAS for breach of contract and misrepresentation, alleging that the Cadillac was not roadworthy and that AAS improperly had refused to tender the car's title to Mina. Mina claimed about $4,000 in repair expenses as damages and sought a declaration of title. AAS counterclaimed against Mina for breach of contract and conspiracy, alleging that Mina had paid only $2,150 of the agreed $4,200 purchase price for the car and had conspired with Cinco Car Care, Inc. to assert a fraudulent mechanic's lien against the car's title. AAS also sued Cinco in a third-party petition, but it never served Cinco with the lawsuit. Victor S. Elgohary represented Mina in the case.

Mina and AAS then settled their dispute. In connection with their agreement to settle, Mina and AAS prepared and signed an "Agreed Joint Motion to Dismiss"

2

and a proposed "Order Granting Agreed Motion to Dismiss," to be filed with the trial court. The agreed motion recited that Mina and AAS had resolved all matters in controversy between them and that all of the claims and causes of action against each other should be dismissed with prejudice. The agreed proposed order granted the motion and dismissed all claims by and between Mina and AAS with prejudice. Neither the agreed motion nor the proposed order addressed AAS's claims against Cinco.

After executing the settlement agreement, AAS nonsuited its claims against Cinco without prejudice. *See* TEX. R. CIV. P. 162. The trial court signed an order nonsuiting AAS's claims against Cinco without prejudice.

Mina's counsel, Elgohary, then filed an "Agreed Joint Motion to Dismiss," and a proposed order with the trial court. But Elgohary's motion and order were different from the motion and proposed order that AAS had approved in connection with the settlement. Notably, Elgohary had added language that AAS also had agreed to dismiss its claims against Cinco "with prejudice." Under the impression that the parties had approved the proposed dismissal order, the trial court signed it.

AAS then discovered the discrepancy between the terms of the signed order and those of the agreed-to proposed order. After efforts to resolve the issue failed, it moved to set aside the trial court's dismissal order, asserting that Elgohary had

3

intentionally altered the terms of the agreed joint motion to dismiss and order after AAS had approved them. AAS pointed out that none of the settlement-related documents and filings to which AAS had agreed mentioned Cinco or AAS's claims against Cinco. AAS moved for sanctions against Elgohary for filing the altered documents with the court.

In a hearing on AAS's motion, Elgohary admitted that he had altered the agreed joint motion and proposed order to include Cinco's dismissal with prejudice. After the hearing, the trial court modified its dismissal order to delete the reference to Cinco. The court further ordered Elgohary to pay $450 to AAS within 30 days as a sanction. Mina moved for a new trial, which the trial court denied.

## Discussion

### I. Modification of the Judgment

On appeal, Mina contends that the trial court erred in denying its motion for new trial, contending that the trial court erred in modifying its dismissal order to remove Cinco. We review the trial court's denial of a motion for new trial for an abuse of discretion. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983); *Xenos Yuen v. Fisher*, 227 S.W.3d 193, 204 (Tex. App.—Houston [1st Dist.] 2007, no pet.). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles, that is, when its action is arbitrary or

4

unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004) (upholding trial court's sanctions order).[1]

During its plenary power, a trial court can vacate, modify, correct or reform its judgment. TEX. R. CIV. P. 329b(d); *Transam. Leas. Co. v. Three Bears, Inc.*, 567 S.W.2d 799, 800 (Tex. 1978); *Bryan v. Resolution Trust Corp.*, 823 S.W.2d 433, 434 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.). Mina contends that the original dismissal fully incorporated the terms of the parties' settlement with each other, and thus AAS lacks a basis for challenging it. Mina fails to acknowledge, however, that the original dismissal included—without AAS's knowledge or approval—an additional term to which AAS had not agreed: the dismissal with prejudice of AAS's claims against Cinco.

Based on the evidence adduced in the hearing on AAA's motion to set aside the dismissal order, and Elgohary's admission that he altered the parties' approved motion and proposed order before he filed them with the court, the trial court correctly modified its dismissal order to accurately reflect the parties' agreement. *See Bryan*, 823 S.W.2d at 434–35 (court authorized to enter modified judgment to

---

[1] AAS's brief designates some of its responsive contentions as "cross points," but it does not seek relief that would alter the trial court's judgment. *See* TEX. R. APP. P. 25.1(c); *cf. City of Houston v. Boyle*, 148 S.W.3d 171, 175 n.5 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (declining to address "cross-points" in appellee's brief by which he sought to alter the trial court's rulings because appellee did not file notice of appeal). We review these issues as responsive arguments in support of the judgment under review.

correctly reflect approved final judgment of parties); *see also Lawrence v. Kohl*, 853 S.W.2d 697, 701 (Tex. App.—Houston [1st Dist.] 1993, no writ) (unpublished part of opinion available on Westlaw) ("[T]he court has no power to supply terms, provisions, or essential details not previously agreed to by the parties." (citing *Dodson v. Seymour*, 664 S.W.2d 158, 161 (Tex. App.—San Antonio 1983, no writ)). Further, AAS had nonsuited its claims against Cinco without effecting service. Cinco had never appeared and, after the nonsuit, Cinco was not even nominally a party to the suit. *See* TEX. R. CIV. P. 124; *CHCA Woman's Hosp., L.P. v. Lidji*, 369 S.W.3d 488, 492 (Tex. App.—Houston [1st Dist.] 2012) ("A voluntary nonsuit 'extinguishes a case or controversy from the moment the motion for nonsuit is filed . . . .'"), *aff'd*, 403 S.W.3d 228 (Tex. 2013); *In re Green Oaks Hosp. Subsidiary, L.P.*, 297 S.W.3d 452, 456 (Tex. App.—Dallas 2009, orig. proceeding) (holding that trial court had no jurisdiction to render judgment against party who "was not served with process, was not represented by counsel and did not otherwise appear"). Accordingly, we hold that the trial court acted within its discretion in denying Mina's motion for new trial.

## II.    Appellate Jurisdiction and the Sanction Award

Elgohary challenges the $450 monetary sanction that the trial court assessed against him, individually. He contends that (1) the evidence does not support a finding of bad faith or conscious wrongdoing; (2) AAS did not incur any attorney's

fees due to his misconduct; and (3) the trial court's failure to issue findings of fact to support the imposition of sanctions requires reversal of the award. We initially determine whether we have jurisdiction to decide Elgohary's individual appeal; concluding that we do, we in turn address the merit of his challenges to the sanction that the trial court imposed against him.

## A.    Elgohary's Notice of Appeal

Mina timely filed a notice of its appeal, naming Mina as the only appellant, on July 18, 2014. Elgohary amended Mina's notice of appeal and filed a docketing statement on October 6, 2014, before the appellant's brief was due. *See* TEX. R. APP. P. 25.1(g) ("[a]n amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court"). The amended notice of appeal named Elgohary individually as an additional appellant. The initial notice of appeal conferred appellate jurisdiction over all of the parties to the trial court's order, including Elgohary, who was named in it. *See* TEX. R. APP. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from.").

Accordingly, we have jurisdiction over his appeal, and may, within our discretion, hear it. *See id.* ("Any party's failure to take any other step required by these rules, including the failure of another party to perfect an appeal . . . does not deprive the appellate court of jurisdiction but is ground only for the appellate court

to act appropriately, including dismissing the appeal."). Rule 25.1 vests the appellate court with the discretion to consider an amended notice of appeal in a case in which any notice of appeal has already been filed. An amended notice, however, "is subject to being struck for cause on the motion of any party affected by the amended notice." *See* TEX. R. APP. P. 25.1(g). While not a matter of right, the rule eliminates any jurisdictional bar to the consideration of a late-filed notice in a case in which one party has appealed the trial court's order.

In this case, Elgohary's later-filed amended notice of appeal—filed within six weeks of filing the original notice and two months before the original deadline for filing the appellant's brief—apprised our court and the parties of Elgohary's intent to challenge the sanctions assessed solely against him. AAS did not move to strike Elgohary's amended notice, nor did it otherwise claim unfair surprise. The appellate rules, their underlying policy, and the circumstances surrounding the notice of appeal's amendment in this case favor reviewing Elgohary's appeal on its merits. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) ("[A]ppellate courts should reach the merits of an appeal whenever reasonably possible."); *cf. Braden v. Downey*, 811 S.W.2d 922, 928 & n.6 (Tex. 1991) (addressing merits of mandamus petition seeking relief from sanctions imposed on both party and his attorney because no jurisdictional bar prevented attorney from being added as relator to mandamus proceeding).

*Warwick Towers Council of Co-Owners v. St. Paul Fire Insurance Co.*, 244 S.W.3d 838 (Tex. 2008), further supports our application of Rule 25.1 to reach the merits of Elgohary's appeal. There, the Supreme Court allowed an amended notice naming the insurance company where the initial notice of appeal had named only the insured. In the trial court in that case, the insured hotel sought dismissal of St. Paul's subrogation claim, contending that a contractual waiver provision applied to it. *Id.* at 839. After the hotel prevailed, it settled the claims brought by the condominium association against it. *See id.* The Court observed that St. Paul had named its insured as the appellant in its notice of appeal but had properly identified itself as the appellant in the docketing statement. *See id.* On that showing, the Court held that St. Paul had "made a bona fide attempt to appeal" and that the court of appeals "erred in not allowing St. Paul to amend and in not reaching the merits of St. Paul's appeal." *Id.* at 840.

The dissent relies on *Bahar v. Baumann*, No. 03-09-00691-CV, 2011 WL 4424294 (Tex. App.—Austin 2011, pet. denied), to argue that we should reject Elgohary's amended notice of appeal. In *Bahar*, the Austin Court of Appeals declined to grant leave to appeal to an attorney who, like Elgohary in this case, sought to amend the notice of appeal filed on behalf of the client to include his own sanction appeal. The Austin Court of Appeals' reasoning in *Bahar*, however, is flawed because it applied a derivative standing analysis to determine its

9

appellate jurisdiction, relying on a Supreme Court decision that predated the 1997 amendments to the appellate rules. *See* 2011 WL 4424294, at *2 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993)). When *Texas Association of Business* was decided, however, the Texas Rules of Appellate Procedure were silent on whether the filing of a timely notice of appeal conferred appellate jurisdiction over all of the parties to the trial court's judgment or order. Now, the appellate rules provide that the filing of a notice of appeal "by *any* party" invokes appellate jurisdiction "over *all* parties to the trial court's judgment or order." *See* TEX. R. APP. P. 25.1(b). Rule 25.1(b) clarifies that, as long as any party has timely filed a notice of appeal, an appellate court has jurisdiction over any party aggrieved by the trial court's judgment. *See id.* Because an appellate court gains jurisdiction over all parties to the trial court's judgment once a timely notice of appeal has been filed, the court of appeals' reliance in *Bahar* on standing principles to analyze appellate jurisdiction was misplaced.

The *Bahar* court also erred in distinguishing *Warwick Towers* "because [the insurer's] interests were not merely 'aligned' with the Council's, but rather the interests of the two entities were legally united and joined" as subrogee and subrogor. 2011 WL 4424294, at *3. *Bahar* correctly observed that subrogee and subrogor generally share identical interests. In *Warwick Towers*, however, St. Paul sought to amend the notice of appeal to contest the lower court's rejection of its

10

subrogation claim: for purposes of the appeal, its interests were different from its insured. *See* 244 S.W.3d at 839. Because *Bahar* places undue emphasis on standing based on pre-1997 authority and unduly narrows the holding in *Warwick Towers*, we decline to follow *Bahar* here.

The circumstances in *Crofton v. Amoco Chemical Co.*, No. 01-01-00526-CV, 2003 WL 21297588 (Tex. App.—Houston [1st Dist.] May 30, 2003, pet. denied), are also different from those presented here. In *Crofton*, the appellants attempted to amend their notice of appeal a second time—four months after filing the original notice—to add a plaintiff whose name was missing from the appellate caption. *Id.* at *3. The appellees responded with a motion to strike that notice, invoking Texas Rule of Appellate Procedure 25.1(g), which allows the appellate court to strike an amended notice "for cause on the motion of any party affected by the amended notice." *Id.*; TEX. R. APP. P. 25.1(g). *Id.* The appellants in *Crofton* did not respond to the motion. *See id.* The decision to strike the amendment in *Crofton*, at the request of the appellees' unopposed motion to strike was within this court's discretion for good cause shown, as the rule contemplates. *See id.*

The plain text of Rule 25.1(b) is purposeful in its language: when any party timely appeals, we have jurisdiction over all parties to the judgment. Rule 25.1(g) states that an amended notice of appeal "may be filed in the appellate court." This rule is in the passive, and not limited to an amended notice of appeal filed by the

11

original appellant. We address latecomers to the appellate fray as a matter of procedure, balancing the relative equities and weighing the circumstances of the individual case. Rule 25.1 keeps the appellate courts out of the jurisdictional swamp with a bright line rule.

But even were we to wade into it, the factors present here demonstrate that Elgohary made a bona fide attempt to invoke appellate court jurisdiction. The original notice of appeal filed by Elgohary on behalf of his client specifically refers to the order granting AAS's motion for sanctions against Elgohary. The docketing statement recites that the disposition in the trial court included $450 in attorney's fees, the amount of the sanction assessed solely against Elgohary. Elgohary amended the notice of appeal and docketing statement to identify himself as an additional appellant within six weeks of filing the original notice and nearly two months before the original date on which the appellants' briefs were due. AAS did not move to strike the amended notice. Under these circumstances, we consider the merits of Elgohary's sanctions appeal. *See Perry*, 272 S.W.3d at 587 ("[A]ppellate courts should reach the merits of an appeal whenever reasonably possible."); *cf. Braden*, 811 S.W.2d at 928 & n.6 (addressing merits of mandamus petition seeking relief from sanctions imposed on both party and his attorney because no jurisdictional bar prevented attorney from being added as relator to mandamus proceeding; court expressed no opinion on whether attorney must

perfect separate appeal apart from that perfected by client to procure review of sanctions on appeal).

The policy animating the appellate rules disfavors disposing of appeals based upon harmless procedural defects. We construe the rules reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to achieve the purpose of a rule. *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997); *see Maxfield v. Terry*, 888 S.W.2d 809, 811 (Tex. 1994) (holding that the rules should be interpreted liberally to give appellate courts the opportunity to reach the merits of an appeal whenever possible). We "should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Verburgt*, 959 S.W.2d at 616; *see also* Nathan E. Hecht & E. Lee Parsley, *Procedural Reform: Whence and Whither*, Matthew Bender CLE, PRACTICING LAW UNDER THE NEW RULES OF APPELLATE PROCEDURE 1–12 at § 1.02(b) & (c) (Nov. 1997) (explaining that most recent revision to rules was "intended to make appellate practice more user-friendly, refocus appellate practice on the merits rather than technicalities, and reduce cost and delay"), *quoted in* Steven K. Hayes, *Could You Be A Little More Specific?*, 66 THE ADVOC. (TEX.) 196, 227 (2014).

Accordingly, we turn to the merits of Elgohary's appeal.

## B. The Sanction

Elgohary contends that the trial court had no evidence upon which it could base the sanction award assessed against him and that it failed to issue findings of fact in connection with its order.

*Standard of review*

We review a trial court's decision to impose sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner "without reference to guiding rules and principles." *See Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). A trial court does not abuse its discretion merely because it decides a discretionary matter differently than an appellate court would in a similar circumstance. *Gray v. CHCA Bayshore L.P.*, 189 S.W.3d 855, 858 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

*Analysis*

The parties agree that the trial court had the inherent power to assess sanctions upon a finding that Elgohary committed bad-faith abuse of the judicial process. *See, e.g.*, *In re Tex. Dep't of Family & Protective Servs.*, 415 S.W.3d 522, 529 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) ("A trial court has

inherent power to sanction bad faith conduct during the course of litigation that interferes with the administration of justice or the preservation of the court's dignity and integrity."); *Ezeoke v. Tracy*, 349 S.W.3d 679, 685 (Tex. App.— Houston [14th Dist.] 2011, no pet.) ("Trial courts have inherent power to impose sanctions for bad faith abuse of the judicial process even when the targeted conduct is not expressly covered by a rule or statute." (citing *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398–99 (Tex. 1999)).

AAS's motion for sanctions asserted that Elgohary, without AAS's knowledge or consent, altered the proposed order granting the agreed motion to dismiss to make it falsely appear to the trial court that AAS had agreed to dismiss Cinco from the lawsuit with prejudice. This representation contradicted counsels' discussions about the content of the proposed order. Elgohary admitted in open court that he altered the documents without AAS's knowledge or consent and, by attaching AAS's signature page from the authentic agreed motion, had represented to the trial court that AAS had approved and reviewed the documents. When AAS discovered the discrepancies in the documents, it notified Elgohary and gave him an opportunity to correct the matter, but Elgohary did not respond until after AAS moved to modify the dismissal and request sanctions.

Elgohary complains that the trial court failed to make specific findings to support its imposition of sanctions. When a trial court imposes sanctions under its

inherent power, it should make specific findings to support its conclusion that the conduct complained of significantly interfered with its legitimate exercise of its core functions; the absence of findings, however, does not automatically require reversal. *See Harmouch v. Rassner*, No. 01-10-00367-CV, 2011 WL 1435008, at *2 (Tex. App.—Houston [1st Dist.] Apr. 14, 2011, no pet.) (acknowledging lack of express findings to support sanctions, but reviewing entire record before determining that trial court erred based on lack of evidence plaintiff acted dishonestly or maliciously to interfere with trial setting) (citing *Houtex Ready Mix Concrete & Materials v. Eagle Constr. & Envt'l Servs, L.P.*, 226 S.W.3d 514, 524 (Tex. App.—Houston [1st Dist.] 2006, no pet.)).

Here, the entire record reveals with certainty the basis for the sanction against Elgohary. To show bad faith requires evidence of conscious wrongdoing for a dishonest, discriminatory, or malicious purpose. *Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 896 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Elgohary's admission establishes that he consciously misrepresented the terms of the parties' agreement in the proposed order he submitted to the court in an attempt to enlarge the scope of the opponent's concessions. We have upheld inherent-power sanctions under similar circumstances. *See Lawrence*, 853 S.W.2d at 700 (upholding imposition of sanctions under court's inherent power where counsel admitted that he had submitted and procured, under unexplained circumstances,

16

judge's signature on form order awarding him sanctions from opposing party and his attorney without notice or hearing on sanctions motion, and, once error was discovered, counsel failed to come forward to request order be set aside until, at bench conference held over a month after erroneous order was signed, counsel agreed that error had been made); *see also Houtex*, 226 S.W.3d at 524 (upholding imposition of sanctions under inherent power where attorney failed to notify opposing counsel he would be absent from hearing even though attorney knew days in advance he would be unavailable, and, as result, opposing counsel needlessly made 720-mile round trip to attend hearing). Elgohary was apprised of the complained-of conduct in AAS's motion for sanctions, upon which the trial court heard evidence. Because the specific basis for the sanction is evident from the record, we hold that the trial court's failure to include a description of the conduct in its order is harmless error. *See* Tex. R. App. P. 44.1.

Finally, Elgohary asserts that the $450 amount is not supported by evidence of opposing counsel's attorney's fees. The record belies this assertion. At the hearing on the motion for modification and sanctions, the trial court inquired into opposing counsel's fees. Opposing counsel stated that he spent approximately two and a half hours on preparing and filing the motion and in attending the hearing, and he informed the court that his hourly fee rate was $225. The modest assessment of sanctions in the form of $450 in attorney's fees is reasonably related

17

to the extra measures that AAS was required to undertake in alerting the court to Elgohary's misconduct and having the misstatement corrected. We hold that the trial court acted within its discretion in imposing the $450 in sanctions on Elgohary.

## Frivolous Appeal

In its brief, AAS contends that Mina's appeal is frivolous and asks this Court $5,000.00 as a sanction. *See* TEX. R. APP. P. 45 (damages for frivolous appeals in civil cases). After considering the record, briefs, and other papers filed, we may award a prevailing party "just damages" if we objectively determine that an appeal is frivolous. *Id.*; *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed. *Smith*, 51 S.W.3d at 381. The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution. *Id.* After a review of the record and briefing, we decline to award appellate sanctions.

## III.  Conclusion

We affirm the judgment of the trial court.  We deny AAS's request for sanctions.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Justice Jennings, concurring in part and dissenting in part.