

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00234-CV

Jonathan David **RICE** and Diana Rice
Appellants

v.

**LEWIS ENERGY GROUP, L.P.**; Lewis Petro Properties, Inc.; Lewis Resource Management, LLC; Segundo Navarro Drilling, Ltd.; and Tercero Navarro, Inc.,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-08936
Honorable Peter A. Sakai, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Irene Rios, Justice

Delivered and Filed: October 28, 2020

REVERSED AND REMANDED IN PART, AFFIRMED IN PART

In this appeal from a final judgment,[1] we are asked to reverse parts of the judgment

assessing sanctions and sealing court records. We are also asked to grant leave to amend the notice

of appeal and to dismiss part of the appeal. We grant leave to amend the notice of appeal, deny the

---

[1]The final judgment consists of two orders signed on January 29, 2019. The first order assesses sanctions and orders the case permanently sealed and the second order grants a permanent injunction.

motion to dismiss, reverse and remand the part of the judgment permanently sealing court records, and affirm the remainder of the judgment.[2]

## BACKGROUND

After Jonathan David Rice and Diana Rice ("the Rices") arbitrated their dispute with Lewis Energy Group L.P., Lewis Petro Properties Inc., Lewis Resource Management LLC, Segundo Navarro Drilling Ltd., and Tercero Navarro Inc., (collectively, "the Lewis parties"), the Rices filed a motion to confirm the arbitration award. Attached to the motion was a copy of the arbitration award, which detailed the arbitrator's reasons for his ruling and awarded the Rices damages. Contending the parties agreed to keep the arbitration award confidential, the Lewis parties moved to enforce the confidentiality agreement. Their claim of confidentiality was based, in part, on a provision in a document titled, "Arbitration Policy and Rules." The Lewis parties also moved for sanctions against the Rices' lawyers, ("the lawyers."). The sanctions motion asserted that the lawyers had violated Texas Rule of Civil Procedure 13, which prohibits the filing of groundless pleadings brought in bad faith or for the purpose of harassment. A later-filed supplemental sanctions motion asserted the lawyers had violated their duty of candor to the trial court.

On May 22 and 23, 2018, the trial court[3] held a hearing on the motion to confirm the arbitration award. At this hearing, the trial court asked the Rices' lawyers if they had any knowledge of a confidentiality agreement when they filed the arbitration award in the trial court. The lawyers assured the trial court they were not aware of the "Arbitration Policy and Rules" when

---

[2]In accordance with Rule 76a.1 of the Texas Rules of Civil Procedure, this opinion and its corresponding judgment are to remain unsealed. *See* TEX. R. CIV. P. 76a.1 ("No court order or opinion issued in the adjudication of a case may be sealed.").

[3]The Honorable Laura Salinas of the 166th Judicial District Court, Bexar County, Texas, presided at this hearing.

they filed the arbitration award. One of the lawyers testified under oath that he had no prior knowledge of this document.

On May 24, 2018, the trial court signed an order temporarily sealing the motion to confirm and the arbitration award; ordering briefing on the lawyers' prior knowledge of the "Arbitration Policy and Rules;" and permitting the Lewis parties to pay the damages awarded in the arbitration award into the court registry. However, the trial court did not rule on the motion to confirm the arbitration award.

The Rices filed a mandamus petition in this court, seeking review of the trial court's May 24, 2018 order. We conditionally granted mandamus relief, directing the trial court to rule on the motion to confirm and to withdraw its order permitting payment of damages into the court registry. *In re Rice*, No. 04-18-00359-CV, 2018 WL 3440709, at *4 (Tex. App.—San Antonio July 18, 2018, orig. proceeding). The trial court complied with our mandamus order, signing an order confirming the arbitration award and vacating its order permitting payment of the arbitration award into the court registry.

On August 21, 2018, the trial court held a hearing. At the end of the hearing, it granted the motion to enforce the confidentiality agreement and for sanctions and permanently sealed the court records in this case.

On December 17, 2018, the trial court held another hearing, where it considered and denied the Rices' motion for reconsideration of the order permanently sealing court records.

On January 29, 2019, the trial court signed a final judgment, permanently enjoining the Rices and their "[r]epresentatives"[4] "from using, disclosing, or transmitting for any purpose, any

---

[4]The judgment defines "[r]epresentatives" as "any person or entity acting by, through, or under [the Rices], or subject to their control, including (without limitation) any employee, director, shareholder, officer, assign, predecessor, successor, attorney, representative, or agent of [the Rices] or [the Rices'] counsel."

aspect of the arbitration proceeding [] or this lawsuit [].” The judgment also ordered the lawyers to pay the Lewis parties monetary sanctions in the amount of $70,000.00, but suspended payment of the $70,000.00 “as long as” the Rices and their representatives complied with the permanent injunction. The trial court also ordered that “the case remain permanently sealed.” The Rices timely filed a notice of appeal.

The Rices requested, and the trial court ultimately filed, findings of fact and conclusions of law. The trial court’s conclusions of law state that $70,000.00 in monetary sanctions is proper based on multiple grounds, including Rule 13 of the Texas Rules of Civil Procedure and “the inherent power of the court.”

### MOTIONS FILED ON APPEAL

The Rices present six issues on appeal. In their first, second, third, and fourth issues, the Rices complain about the trial court’s order assessing sanctions against their lawyers. In their fifth and sixth issues, the Rices complain about the trial court’s order permanently sealing court records. As a preliminary matter, we must consider two motions pending in this appeal: (1) the Lewis parties’ motion to dismiss the Rices’ sanctions-related issues; and (2) the Rices’ motion for leave to file an amended notice of appeal.

The Lewis parties move to dismiss the sanctions-related issues asserting the Rices lack standing to challenge sanctions assessed only against their lawyers. The Lewis parties emphasize that the Rices’ lawyers are not listed as appellants in the original notice of appeal. The Lewis parties’ argument is based on *Niera v. Frost Nat’l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at *2 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.). In *Niera*, the trial court granted a motion for sanctions against a lawyer; however, the lawyer did not file a notice of appeal. *Id*. at *1. On appeal, the client challenged the sanctions order and this court held that the client lacked standing to complain about the sanctions order because an appealing party may not

complain of errors that do not injuriously affect her or merely affect the rights of others. *Id.* Based on her lack of standing, we overruled the client's issue challenging the sanctions imposed on her lawyer. *Id*. at \*2.

The present case is readily distinguishable from *Niera*. In *Niera*, the sanctioned lawyer never filed a notice of appeal. Here, the Rices have filed a motion for leave to file an amended notice of appeal and the amended notice of appeal clearly expresses the lawyers' intention to appeal the trial court's judgment.

Under the Texas Rules of Appellate Procedure, we have the discretion to grant leave to allow the amendment of a notice of appeal after the appellants have filed their brief. Rule 25.1(g) provides:

> *Amending the Notice.* An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. *After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.*

TEX. R. APP. P. 25.1(g) (emphasis added); *see Cortez v. Brown*, No. 03-17-00365-CV, 2019 WL 961672, at \*3 (Tex. App.—Austin Feb. 28, 2019, pet. denied) (mem. op.) (examining the facts and circumstances and exercising its discretion to deny a motion for leave to file an amended notice of appeal); *Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.*, 393 S.W.3d 379, 384-86 (Tex. App.—Dallas 2012, no pet.) (granting a motion for leave to file an amended notice of appeal filed after oral argument).

The Texas Supreme Court has instructed appellate courts "to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). The supreme court's "decisions reflect the policy embodied in

our appellate rules that disfavors disposing of appeals based upon harmless procedural defects." *Id*. at 616. Instead of disposing of appeals based on harmless procedural defects, the appellate court should reach the merits of an appeal whenever reasonably possible. *Horton v. Stovall*, 591 S.W.3d 567, 567 (Tex. 2019); *see St. Mina Auto Sales, Inc. v. Al-Muasher*, 481 S.W.3d 661, 666, 668 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (recognizing that an amended notice of appeal naming the lawyer as an additional appellant apprised the court of his intent to challenge sanctions assessed solely against him and addressing the merits of the lawyer's sanctions issues).

The Lewis parties urge us to deny the Rices' motion for leave, contending that any amendment of the Rices' notice of appeal at this late juncture would violate Rule 25.1(c)'s requirement that any party seeking to alter a judgment must file a timely notice of appeal.[5] *See* TEX. R. APP. P. 25.1(c). However, after considering Rule 25.1 as a whole, we reject this contention. Under Rule 25.1(b), this court has jurisdiction over all parties to the judgment as long as any party to the trial court's judgment files a timely notice of appeal *See id*. 25.1(b); *Al-Muasher*, 481 S.W.3d at 667 ("The plain text of Rule 25.1(b) is purposeful in its language: when any party timely appeals, we have jurisdiction over all parties to the judgment."). Here, the filing of the original notice of appeal invoked our jurisdiction over all parties to the trial court's judgment. *See* TEX. R. APP. P. 25.1(b). Therefore, in the present appeal, we have jurisdiction over all parties to the judgment, including the lawyers. *See id*. Additionally, Rule 25.1(c) allows parties whose interests are aligned to file a joint notice of appeal. *Id*. 25.1(c). The Rices' interests are obviously aligned with the

---

[5]Rule 25.1(c) states:

> *Who Must File Notice.* A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. Parties whose interests are aligned may file a joint notice of appeal. The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.

TEX. R. APP. P. 25.1(c).

lawyers' interests. Finally, Rule 25.1(g) expressly permits the amendment of a notice of appeal after the appellant's brief is filed, provided that the appellate court grants leave to do so. *Id*. 25.1(g).

The Lewis parties further urge us to deny the Rices' motion for leave to file an amended notice of appeal based on *Bahar v. Baumann*, No. 03-09-00691-CV, 2011 WL 4424294, at *2-3 (Tex. App.—Austin 2011, pet. denied) (mem. op.). *Bahar* involved an appeal from an order sanctioning two lawyers but not their client. *Id*. at *1. Initially, the client was the only appellant named in the notice of appeal. *Id*. at *1. Seven months later, an amended notice of appeal was filed adding the lawyers as appellants. *Id*. In its analysis, the Austin Court of Appeals noted that the lawyers' interests "are not united with [the client's]; in fact…[the client] has no interest in this appeal whatsoever." *Id*. at *3. The appellate court ultimately concluded that it lacked jurisdiction over the appeal because the lawyers had failed to file a timely notice of appeal. *Id*. at *4.

*Bahar* does not alter our conclusion in the present case. *Bahar*'s reasoning has been criticized because it applies a derivative standing analysis and relies on an opinion pre-dating the current rules of appellate procedure. *See Al-Muasher*, 481 S.W.3d at 667. Additionally, unlike the situation in *Bahar*, the Rices have an interest in this appeal. First, the Rices have an interest in the order permanently sealing the court records in this case. Second, the Rices have *some* interest in the sanctions order. The trial court's sanctions order assessed monetary sanctions in the amount of $70,000.00 against the lawyers, but suspended payment of the sanctions. Continued suspension of the sanctions against the lawyers depends on the Rices' and their representatives' compliance with the permanent injunction on confidentiality.

In an analogous case, the Texas Supreme Court held the court of appeals erred by denying a motion for leave to file an amended notice of appeal. *See Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 838 (Tex. 2008) (holding the insurer made a bona fide attempt to appeal by filing a notice of appeal in the name of

its insured and the court of appeals erred by not allowing it to amend its notice of appeal to name itself in it). "Our consistent policy has been to apply rules of procedure liberally to reach the merits of the appeal whenever possible." *Id*. at 839. "If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our [r]ules to perfect the appeal." *Id*. (internal quotations and citations omitted).

Consistent with our obligation to construe the appellate rules in a manner that allows us to reach the merits of an appeal whenever reasonably possible, we grant the Rices' motion for leave to file an amended notice of appeal. *See id*.; TEX. R. APP. P. 25.1(g). The amended notice of appeal attached to the Rices' motion for leave is deemed filed. Because the amended notice of appeal shows that the Rices and their lawyers, (collectively, "the Appellants,") are appealing the judgment in this case, and because the lawyers have standing to challenge the sanctions order contained in the judgment, we deny the Lewis parties' motion to dismiss the sanctions-related issues presented in this appeal.

SANCTIONS

We review a sanctions order for an abuse of discretion. *Brewer v. Lennox Hearth Products, LLC*, 601 S.W.3d 704, 717 (Tex. 2020); *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). A trial court abuses its discretion if it acts without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable. *Brewer*, 601 S.W.3d at 717; *Jones*, 192 S.W.3d at 583. When reviewing a sanctions order, we are not bound by the trial court's fact findings or conclusions of law; instead, we must review the entire record independently to determine if the trial court abused its discretion. *Brewer*, 601 S.W.3d at 717; *Jones*, 192 S.W.3d at 583. "The purpose of findings made following the imposition of sanctions is to assist the appellate court in its analysis, assure judicial deliberation, and enhance the deterrent effect of the

- 8 -

sanctions order itself." *Liles v. Contreras*, 547 S.W.3d 280, 287 (Tex. App.—San Antonio 2018, pet. denied).

Trial courts have the inherent power to discipline attorney behavior by imposing sanctions. *Brewer*, 601 S.W.3d at 718; *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997). Inherent power enables trial courts to perform their judicial functions and protect their dignity, independence, and integrity. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 399 (Tex. 1979). Trial courts may exercise their inherent power to deter, alleviate, and counteract any significant interference with their core functions, such as hearing evidence, deciding issues of fact raised by the pleadings, deciding questions of law, and rendering and enforcing final judgments. *Davis v. Rupe*, 307 S.W.3d 528, 531 (Tex. App.—Dallas 2010, no pet.). "Making misleading statements and misrepresentations to the court interferes with these core functions." *Id.*

To be successful on appeal, an appellant must challenge all independent grounds that fully support an adverse ruling. *Estate of Purgason v. Good*, No. 14-14-00334-CV, 2016 WL 552149, at \*2 (Tex. App.—Houston [14th Dist.] Feb. 11, 2016, pet. denied) (mem. op). When an independent ground fully supports the complained-of ruling and the appellant fails to challenge that ground, we must accept the validity of the unchallenged ground and affirm the trial court's ruling. *The Shops at Legacy (Inland) Ltd. P'ship v. Fine Autographs & Memorabilia Retail Stores, Inc.*, No. 05-14-00889-CV, 2015 WL 2201567, at \*2 (Tex. App.—Dallas May 8, 2015, pet. denied) (mem. op.). We do this because an unchallenged ground that fully supports the ruling renders any error in the challenged ground harmless. *Estate of Purgason*, 2016 WL 552149, at \*2; *The Shops at Legacy*, 2015 WL 2201567, at \*2.

In their first four issues, the Appellants argue the trial court abused its discretion by imposing sanctions against the lawyers. Specifically, the Appellants argue (1) the signed arbitration agreement did not include a confidentiality provision, (2) the Lewis parties admitted

that the signed arbitration agreement was never modified or amended, (3) the document the Lewis parties relied on to support their contention that the arbitration agreement included a confidentiality provision was not part of the signed arbitration agreement, and (4) even if the confidentiality provision relied on by the Lewis parties applied, the Appellants' situation falls under one of the provision's exceptions. Thus, the Appellants' sanction-related arguments revolve around their contention that they did not file a groundless pleading because they were not bound by a confidentiality agreement, and therefore, the trial court abused its discretion by sanctioning them.[6]

The trial court's findings of fact and conclusions of law show that the sanctions order was based on multiple grounds: (1) the filing of a groundless pleading, and (2) the lawyers' misrepresentations about their knowledge of the Arbitration Policy and Rules at the May 22, 2018 hearing, that is, their lack of candor. However, nowhere in their appellate briefing do the Appellants challenge the latter ground for the sanctions order. Because the Appellants have failed to challenge all independent grounds for sanctions or the sanctions amount, we must uphold the trial court's sanctions order. *See Estate of Purgason*, 2016 WL 552149, at *2 ("Where there is an unchallenged, alternate basis for the appealed order, any error in the challenged basis for the order is rendered harmless."); *The Shops at Legacy*, 2015 WL 2201567, at *2 (overruling an appellant's issues challenging a sanctions order when there were "other grounds that could support the trial court's decision to impose sanctions that appellant has not attacked on appeal.").

We overrule the Appellants' first, second, third, and fourth issues.

---

[6]Besides a statement in their prayer asking us to reverse the permanent injunction, the Appellants do not address the permanent injunction in their brief, nor do they cite any authority to support the reversal of the permanent injunction. Rule 38.1(i) requires an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Here, the argument section of the Appellants' brief analyzes confidentiality only as it relates to the sanctions order; it does not analyze confidentiality as it relates to the permanent injunction. Therefore, any possible complaint about the permanent injunction is inadequately briefed and, therefore, waived. *See id*.; *Lowry v. Tarbox*, 537 S.W.3d 599, 620 (Tex. App.—San Antonio 2017, pet. denied) ("[F]ailure to offer argument, provide appropriate record citations, or a substantive analysis waives an appellate issue.").

**SEALING COURT RECORDS**

In their fifth issue, the Appellants argue the trial court abused its discretion when it permanently sealed the court records in this case because it failed to comply with Rule 76a's standards and procedures. *See* TEX. R. CIV. P. 76a.

***Applicable Law and Standard of Review***

Rule 76a.1 provides that "court records, as defined in this rule, are presumed to be open to the general public and may be sealed only upon a showing of" "a specific, serious and substantial interest which clearly outweighs: (1) this presumption of openness; (2) any probable adverse effect that sealing will have upon the general public health or safety;" and "no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted." *Id*. 76a.1. "Court records may be sealed only upon a party's written motion, which shall be open to public inspection." *Id*. 76a.3. "The movant shall post a public notice at a place where notices for meetings of county governmental bodies are required to be posted…." *Id*. "Immediately after posting such notice, the movant shall file a verified copy of the posted notice with the clerk of the court in which the case is pending…." *Id*. "A hearing, open to the public, on a motion to seal court records shall be held in open court as soon as practicable, but not less than fourteen days after the motion is filed and notice is posted." *Id*. 76a.4.

We review an order sealing court records under Rule 76a for an abuse of discretion. *Clear Channel Commc'ns, Inc. v. United Servs. Automobile Ass'n*, 195 S.W.3d 129, 134 (Tex. App.— San Antonio 2006, no pet.). The trial court abuses its discretion by failing to analyze or apply the law correctly. *Id*.

***Relevant Facts***

On May 24, 2018, the Lewis parties filed, apparently under seal, a motion for a temporary sealing order. The same day, the trial court signed an order temporarily sealing the court records

in this case and setting a June 18, 2018 hearing to determine if it should extend the temporary sealing of the record or permanently seal the records in this case. However, the June 18, 2018 hearing did not take place and was not rescheduled.

At an August 21, 2018 hearing, the trial court made an oral ruling permanently sealing all the court records in this case.[7] Thereafter, the Appellants filed a motion to reconsider this ruling, arguing Rule 76a's standards and procedures were not followed. The Appellants argued that the motion to seal was not open to public inspection as required by Rule 76a.3, that the Lewis parties did not post a public notice of a hearing as required by Rule 76a.3, and that the trial court failed to conduct a hearing on the motion to seal, open to the public, in accordance with Rule 76a.4.[8] The Appellants presented their motion to reconsider at a hearing held on December 17, 2018, and the trial court denied the motion. Thereafter, on January 29, 2019, the trial court signed the judgment which contains an order permanently sealing the court records in this case.

*Analysis*

The Lewis parties contend the Appellants have waived their complaints regarding the trial court's non-compliance with Rule 76a's notice and hearing requirements because they raised them "too late." We disagree. Generally, to preserve an issue for appellate review, a party must: (1)

---

[7]At the August 21, 2018 hearing, the trial court stated: "Obviously, there has been a sealing. I believe the clerk's office apparently, and, at this point, the Court will order that the case remain sealed. So I put the confidentiality as part of a permanent injunction. I've ordered that the case remain sealed."

[8]Specifically, at the December 17, 2018 hearing, the Rices' lawyer stated:

> Judge, it's been addressed before, but I want to make sure we're clear on the record, that plaintiffs object to the proposed order with regards to the [] language addressing a sealing of the record as the previous Court and respondent's counsel *failed to comply with Texas Rules of Civil Procedure 76[a]*. In that regard, [Rule 76a] considers the sealing court records and—and the requirements of other things to provide notice of the motion—*a public notice of motion and the hearing to—to address and to give notice of a motion to seal and a proper hearing pursuant to the requirements of 76[a]*. We have, Judge, listed the 76[a] requirements in our filed objections to the proposed order and injunction.

(Emphasis added). The trial court overruled the plaintiffs' objections.

present to the trial court a timely request, objection, or motion; (2) state the specific grounds therefor; and (3) obtain a ruling. TEX. R. APP. P. 33.1(a). "An objection is timely if it is asserted at the earliest opportunity or interposed at a point in the proceedings when the trial court has an opportunity to cure any alleged error." *Yetiv v. Comm'n for Lawyer Discipline*, No. 14-17-00666-CV, 2019 WL 1186822, at *3 (Tex. App.—Houston [14th Dist.] March 14, 2019, no pet.) (mem. op.). The record shows the Appellants presented their complaints about the failure to comply with Rule 76a's notice and hearing requirements and obtained ruling on their complaints, and they did this while the trial court had an opportunity to cure the complaints and before it signed the judgment permanently sealing the court records in this case.

The record establishes that Rules 76a.3 and 76a.4 were not followed. First, the record shows that no party filed a written motion, "open to public inspection," asking the trial court to permanently seal the court records in this case. *See* TEX. R. CIV. P. 76a.3. Second, a verified copy of a posted public notice of a hearing was not filed with the trial court clerk. *See id.* Finally, the trial court did not hold a public hearing on a motion to seal the court records in this case. *See id.* 76a.4. Because these requirements of Rules 76a.3 and 76a.4 were not satisfied, the trial court failed to apply the law correctly and it abused its discretion by ordering the permanent sealing of the court records in this case. *See Clear Channel Commc'ns*, 195 S.W.3d at 137 (reversing the trial court's order sealing court records when the procedures mandated by Rule 76a.3 were not followed). Accordingly, we sustain the Appellants' fifth issue.

Because we sustain the Appellants' fifth issue which challenges the part of the judgment permanently sealing all of the court records in this case, we need not address the Appellants' sixth issue, which challenges the permanent sealing of a particular court record, the confirmed arbitration award. *See* TEX. R. APP. P. 47.1 (requiring appellate court opinions to address only the issues necessary to final disposition of the appeal).

**CONCLUSION**

We reverse the part of the trial court's judgment permanently sealing the court records in this case and remand the case to the trial court for further proceedings consistent with our opinion. We affirm the remainder of the trial court's judgment.

Irene Rios, Justice