**CLEAR CHANNEL COMMUNI-CATIONS, INC. and Tanji Patton, Appellants,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.**

No. 04-04-00724-CV.

Court of Appeals of Texas, San Antonio.

Jan. 4, 2006.

Mark J. Cannan, Clemens & Spencer, P.C., San Antonio, for appellants.

G. Thomas Coghlan, William H. Ford, Ruth G. Malinas, Ball & Weed, P.C., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice SARAH B. DUNCAN, Justice SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

Clear Channel Communications, Inc. and Tanji Patton (collectively, "Clear Channel") appeal the trial court's protective order insofar as it directs the clerk "to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as 'Confidential Information' by a party to this action." Clear Channel contends this aspect of the protective order (and only this aspect) violates Rule 76a of the Texas Rules of Civil Procedure. We agree and therefore reverse the trial court's order and remand the cause for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

Shortly after WOAI–TV, a Clear Channel station, broadcast Patton's two-part "Troubleshooters Special Investigation" story regarding USAA's practice of outsourcing jobs to overseas locations and hiring foreign workers at its San Antonio

location, USAA filed this suit alleging that Patton "hatched a civil conspiracy to obtain through unlawful means highly confidential, proprietary, and trade secret USAA information" and participated in unauthorized access of USAA's computer network.

In its response to Clear Channel's request for production, USAA stated it would produce the requested documents if the trial court entered a protective order similar to the one attached to its response. Among the documents for which USAA stated it would require protection were the employee handbook, the release of information policy, corporate policies regarding information security, policies regarding conflicts of interest and business ethics, copies of contracts forming the basis of the tortious interference claims, and employee severance agreements.

When Clear Channel refused to agree to the proposed protective order, USAA moved for and, after an evidentiary hearing, obtained a protective order that provides in relevant part as follows:

> All confidential information produced or exchanged in the course of this litigation shall be treated as confidential by the Parties and shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose or litigation whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.
>
> "Confidential information," as used herein, means any information of any type, kind or character which is designated "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by either the supplying or receiving party,

whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designations only as to that information that it, in good faith, believes contains confidential information.[1]

> Confidential documents shall be made available only to "Qualified Persons" as defined herein who shall have read this Confidentiality Agreement and who shall agree to be bound by its terms. No other person shall have access to Confidential documents without approval of the Court or the agreement of the parties, nor shall any such other person be informed of the substance of such Confidential documents by any person having access thereto.
>
> . . . .
>
> In the event a receiving party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed with the Court in sealed envelopes on which shall be endorsed the title of this action, a brief description of the contents, the name of the Party, the Party's counsel, and a statement in bold print substantially in the following form: "THIS ENVELOPE CONTAINS DOCUMENTS WHICH ARE CONFIDENTIAL, AND

---

1. At the hearing, USAA's senior vice president of employee relations in the human resource area, Jane Luke Hill, testified that "for USAA purposes, if it's relevant to the business of USAA, USAA considers that information confidential." For example, "[i]f there's anything in [the employee manual] with respect to just generally work hours and overtime, [Hill] would consider that to be confidential to USAA. . . ."

IS NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT." [2]

. . . .

The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential Information" by a party to this action.

. . . .

This Protective Order shall be without prejudice to the right of the parties to (i) bring before the Court at any time the questions of whether any particular document or information is confidential or whether its use should be restricted; or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

Clear Channel appealed.

### JURISDICTION

We must first address USAA's argument that this Court lacks jurisdiction over Clear Channel's appeal under the ripeness doctrine.

### *Applicable Law and Standard of Review*

■ "Texas courts have no authority to render advisory opinions." *McAllen Med. Ctr., Inc. v. Cortez,* 66 S.W.3d 227, 232 (Tex.2001). "This prohibition encompasses" the ripeness doctrine, which "avoids premature adjudication on a hypothetical set of facts." *Id.* "A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events

that have not yet come to pass." *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.,* 971 S.W.2d 439, 443 (Tex. 1998). Because "[r]ipeness is an element of subject matter jurisdiction," it presents "a legal question subject to de novo review." *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

### *Discussion*

■ As USAA recognizes, Clear Channel appeals pursuant to Rule 76a(8), which expressly provides that "[a]ny order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order." TEX.R. CIV. P. 76a(8). It is undisputed Clear Channel, through its attorney, participated in the hearing preceding issuance of the trial court's protective order. And USAA does not argue the trial court's protective order does not "relat[e] to sealing ... court records." Instead, USAA argues Clear Channel's appeal is not ripe because "no court record has been sealed." In support of its argument, USAA cites the following sentence from Justice Gonzales's concurring opinion in *In re The Dallas Morning News, Inc.,* 10 S.W.3d 298 (Tex.1999) (per curiam): Rule 76a, "when read as a whole, means that once a trial court renders an order fully disposing of a [R]ule 76a motion, then that order and all related matters may then be appealed." *See id.* at 305 (Gonzales, J. concurring, joined by Phillips, C.J., and Hecht and Owen, J.J.). From this statement in the concurrence, USAA reasons "[t]his case is not ripe for appeal

**2.** USAA's proposed alternative to this provision was a "provision ... that the parties

simply without court permission can't file any documents."

because there has been no final adjudication of a request to seal court records"; "[a]n appeal involving the protective order would not be ripe until a court record is actually sealed."

Certainly Rule 76a contemplates that an appeal will be preceded by a motion, hearing, and order fully disposing of the motion. *See* Tex.R. Civ. P. 76a(3) (requiring written motion), (4) (requiring hearing open to the public), (6) (requiring written order). However, Rule 76a does not condition the right to an appeal on whether there has been a "final" order sealing court records; rather, it provides for an appeal of "[a]ny order (or portion of an order or judgment) relating to sealing or unsealing court records" and deems such an order "a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order." Tex.R. Civ. P. 76a(8). Here, there was a written motion, a hearing, and an order to seal court records. And *In re Dallas Morning News* is completely inapposite.

In *In re Dallas Morning News*, the parties entered into a Rule 11 agreement under which the plaintiffs agreed they "would not disclose any documents produced and designated by Kaiser as confidential"; accordingly, the trial court was not asked to, and did not, order the sealing of court records. *Id.* at 298. In this case, on the other hand, the trial court has ordered the clerk to seal court records by ordering the clerk "to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as 'Confidential Information' by a party to this action."

USAA also argues "[t]here is no present controversy" because "[n]either party has made any attempt to seal a document filed with the trial court." But whether a party has attempted to seal a filed document or not, this appeal presents a live controversy between Clear Channel and USAA on the issue of whether the trial court may issue a protective order that expressly permits a party to unilaterally file—and directs the clerk to maintain—documents under seal without first complying with Rule 76a. USAA argues that this provision "simply prevents unauthorized dissemination of the protected information" and, "[w]ithout such a provision," "parties receiving confidential, proprietary and trade secret information could destroy the trade secret simply by attaching a document containing such information to a motion and filing it with the trial court." But this is precisely the function of Rule 76a's provision for a temporary sealing order—to protect the confidentiality of information until the trial court rules on a pending motion to seal. *See* Tex.R. Civ. P. 76a(5) ("A temporary sealing order may issue upon motion and notice to any parties who have answered in the case pursuant to Rules 21 and 21a upon a showing of compelling need from specific facts shown by affidavit or by verified petition that immediate and irreparable injury will result to a specific interest of the applicant before notice can be posted and a hearing held as otherwise provided herein."); *see also Gen. Tire, Inc. v. Kepple,* 970 S.W.2d 520, 522 (Tex.1998) (noting trial court issued a temporary sealing order pending its determination of whether documents at issue were "court records"); n.3 below. Indeed, USAA recognized as much by introducing into evidence a protective order that included a temporary sealing provision.[3]

---

3. *See* USAA's Exhibit 5, a copy of the agreed

protective order in *Reinagel v. Clear Channel*

In its reply brief, Clear Channel argues that USAA's ripeness argument "ignores the very nature and purpose of" Rule 76a, which, "[t]hrough its language and the procedures it establishes" "is not remedial or corrective with respect to the improper sealing of court records, but rather preventive." We agree and hold Clear Channel's appeal presents an issue that is ripe for review.

### VALIDITY OF THE PROTECTIVE ORDER

In its first issue, Clear Channel asks "[w]hether the trial court abused its discretion by entering an order providing for pleadings to be filed under seal without the motion, notice and hearing required by TEX.R. CIV. P. 76a." In its second issue, Clear Channel asks "[w]hether the trial court abused its discretion in directing the sealing of pleadings in the absence of evidence of the nature of documents to be sealed."

### Standard of Review

 We review both protective orders and Rule 76a decisions under an abuse of discretion standard. *Kepple,* 970 S.W.2d at 525–26. With respect to factual matters, a trial court abuses its discretion if, under the record, it reasonably could have reached only one decision and it failed to do so. *See Walker v. Packer,* 827 S.W.2d

833, 840 (Tex.1992). However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. . . ." *Id.*

### Protective Orders Generally

"A person from whom discovery is sought . . . may move . . . for an order protecting that person from the discovery sought." TEX.R. CIV. P. 192.6(a). "To protect the movant from . . . invasion of . . . property rights, the court may make any order in the interest of justice and may— among other things—order that . . . the ***results of discovery be sealed or otherwise protected, subject to the provisions of Rule 76a.***" TEX.R. CIV. P. 192.6(b)(5) (emphasis added).

### Rule 76a

Pursuant to Rule 76a, "court records," as that term is defined by the rule, "are presumed to be open to the general public and may be sealed only upon a showing of all of the following":

(a) a specific, serious and substantial interest which clearly outweighs:

(1) this presumption of openness;

*Communications,* No. 2003–CI–06051, in the 73rd Judicial District Court of Bexar County, Texas. This order also permits the parties to initially determine which documents produced in discovery will be designated confidential but it does so in compliance with Rule 76a:

Any party filing any motion or pleading with this Court which includes or attaches any document, material or information designated as Confidential shall file such pleading or motion in a sealed envelope marked "Temporary Seal." Pursuant to the Texas Rules of Civil Procedure, any party wishing to have such motion or plead-

ing sealed must file a motion to seal in accordance with T.R.C.P. 76a, which motion to seal must be filed prior to the hearing on such motion or pleading. The Court's hearing on the substance of the motion or pleading shall not be contingent upon the resolution of the 76a motion, which may be heard in accordance with rule 76a. In the event that no such motion to seal is filed in accordance with this paragraph, any motion or pleading filed under Temporary Seal hereunder shall be unsealed by the Court as of the date of the hearing of such motion or pleading.

(2) any probable adverse effect that sealing will have upon the general public health or safety;

(b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

TEX.R. CIV. P. 76a(1). "Court records" are defined as:

(a) all documents of any nature filed in connection with any matter before any civil court, except:

(1) documents filed with a court in camera, solely for the purpose of obtaining a ruling on the discoverability of such documents;

(2) documents in court files to which access is otherwise restricted by law;

(3) documents filed in an action originally arising under the Family Code.

(b) settlement agreements not filed of record, excluding all reference to any monetary consideration, that seek to restrict disclosure of information concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government.

(c) discovery, not filed of record, concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government, except discovery in cases originally initiated to preserve bona fide trade secrets or other intangible property rights.

TEX.R. CIV. P. 76a(2). Before a court record may be sealed, the movant must file a "written motion, which shall be open to public inspection" and "post a public notice at the place where notices for meetings of county governmental bodies are required to be posted, stating: that a hearing will be held in open court on a motion to seal court records in the specific case; that any person may intervene and be heard concerning the sealing of court records; the specific time and place of the hearing; the style and number of the case; a brief but specific description of both the nature of the case and the records which are sought to be sealed; and the identity of the movant." TEX.R. CIV. P. 76a(3). "Immediately after posting such notice, the movant shall file a verified copy of the posted notice with the clerk of the court in which the case is pending and with the Clerk of the Supreme Court of Texas." *Id.*

Rule 76a(5) provides for a "temporary sealing order" on "motion and notice to any parties who have answered in the case pursuant to Rules 21 and 21a upon a showing of compelling need from specific facts shown by affidavit or by verified petition that immediate and irreparable injury will result to a specific interest of the applicant before notice can be posted and a hearing held as otherwise provided herein." TEX.R. CIV. P. 76a(5). However, "[i]ssuance of a temporary order shall not reduce in any way the burden of proof of a party requesting sealing at the hearing required by paragraph 4." *Id.*

"[A]s soon as practicable, but not less than fourteen days after the motion is filed and notice is posted," "[a] hearing, open to the public ... shall be held in open court...." TEX.R. CIV. P. 76a(4). "Any party may participate in the hearing"; and "[n]on-parties may intervene as a matter of right for the limited purpose of participating in the proceedings, upon payment of the fee required for filing a plea in intervention." *Id.* "The court may inspect records in camera when necessary" and "may determine a motion relating to sealing or unsealing court records in accordance with the procedures prescribed by Rule 120a." *Id.*

An order to seal must be "written," "open to the public," and include "the style and number of the case; the specific reasons for finding and concluding whether the showing required by paragraph 1, has been made; the specific portions of court records which are to be sealed; and the time period for which the sealed portions of the court records are to be sealed." TEX.R. CIV. P. 76a(6).

"Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order." TEX.R. CIV. P. 76a(8).

### Discussion

■ Clear Channel's argument is concisely stated in their Summary of Argument as follows:

An order directing that the clerk of the court maintain under seal certain pleadings and documents filed in a case necessarily involves court records. As such, the requirements of TEX.R. CIV. P. 76a are to be complied with. The "protective order" entered by the trial court directed the clerk to seal court records, but it was not preceded by the motion, notice and hearing required by the Rule, nor did it make the findings or have the recitations required by the Rule. Such a total disregard of the requirements of

the Rule constituted an abuse of discretion.

*See Kepple,* 970 S.W.2d at 524 (stating that "[t]o the extent that discovery, whether filed or unfiled, is a 'court record' under Rule 76a, the court must follow the stricter standards of that rule to limit its dissemination"); *Davenport v. Garcia,* 834 S.W.2d 4, 24 (Tex.1992) (stating that "[t]he sealing of a record must meet the procedural prerequisites set forth in Rule 76a"). We agree. By directing the clerk to file under seal all pleadings and documents a party unilaterally designates as "confidential," the trial court has ordered the sealing of "court records"; and it does so with total disregard for the procedures mandated by Rule 76a.

In response, USAA argues that the documents it seeks "to protect[4] fall squarely within the Texas definition of trade secret," as evidenced by the testimony of Jane Luke Hill, USAA's senior vice president in human resources. This may or may not be correct; but it is irrelevant,[5] given that the issue presented by this appeal is whether the protective order violates Rule 76a. According to USAA, "Rule 76a [is] [n]ot [o]ffended." USAA's entire argument on this issue is as follows:

Even if Rule 76a somehow applied to the present protective order, USAA met its burden under the Rule with respect to the documents discussed at the hearing. Pursuant to the Rule, USAA must show that it has a specific, serious and substantial interest that clearly out-

---

4. USAA states that these documents "include: the employee handbook, the release of information policy, corporate policies regarding information security, policies regarding conflicts of interest and business ethics, copies of confidential contracts forming the basis of the tortious interference claims, evidence of communications between present and former USAA employees with defendants, and confidential employee severance agreements."

5. Moreover, as Clear Channel points out in its reply brief, USAA's argument that it has conclusively established its need for a protective order is "disingenuous" since "the protective order [the trial court signed] was not only directed to documents that were the subject of then-outstanding discovery requests, but applies to documents subject to all future discovery requests, as well."

weighs the presumption of openness, and there is no less restrictive means to adequately and effectively protect its specific interests. *See* Tex.R. Civ. P. 76a(1). Jane Hill's testimony established that the information sought is proprietary and confidential, USAA goes to great lengths to protect the information, and it would cause USAA harm if its competitors were to gain access to the information. RR 22–27, 35, 41. USAA met its burden.

Moreover, the protective order the trial court signed is not in conflict with the policy behind Rule 76a. The Rule expressly recognizes that the need to protect trade secrets and other proprietary information can overcome the presumption of openness. Appellants are not without a remedy if they wish to challenge USAA's designation of a document as confidential. Not only may a party take advantage of the procedures in the protective order, but they may also move to unseal under Rule 76a if any document is filed under seal.

The protective order provides a procedure that parties may use to challenge a confidential designation. CR 113–14. First, the parties are instructed to attempt to resolve the dispute on an informal basis. CR 113. If there is no resolution, the opposing party must object in writing within thirty days. *Id.* The designating party must then "move the court for an order preserving the designated status" of the document. CR 113–14. The protective order does not relieve the designating party of his burden nor does it shift the burden to the opposing party. The party seeking a confidential designation is ultimately responsible for demonstrating the need for protection.

USAA thus appears to concede that it did not post the notice or file a verified copy of a posted notice with the supreme court, as required by Rule 76a(3), and that the protective order fails to state "the specific reasons for finding and concluding whether the showing required by paragraph 1, has been made" and "the specific portions of court records which are to be sealed," as required by Rule 76a(6). We therefore hold the trial court's protective order violates Rule 76a.

### Conclusion

Because the trial court's protective order orders the clerk to maintain documents under seal without first complying with the procedures mandated by Rule 76a, it is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.