BP PRODUCTS NORTH AMERICA, INC., BP Amoco Chemical Company, BP Amoco Polymers, Inc., and BP Corporation North America, Inc., Appellants,

v.

The HOUSTON CHRONICLE PUBLISHING COMPANY and The Galveston County Daily News, Appellees.

Nos. 01–05–01032–CV, 01–05–01033–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 18, 2006.

**32**

James B. Galbraith, McLeod, Alexander, Powel & Apffel, P.C., Galveston, Katherine D. Mackillop, Otway B. Denny Jr., Julie Hardin, Fulbright & Jaworski L.L.P, Houston, for Appellant.

Joseph Robert Larsen, Ogden, Gibson, White, Broocks & Longoria, LLP, Charles A. Daughtry, Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and HIGLEY.

## OPINION

ELSA ALCALA, Justice.

Appellants, BP Products North America, Inc., BP Amoco Chemical Company, BP Amoco Polymers, Inc., and BP Corporation North America, Inc. (collectively BP), assert an interlocutory appeal from two orders by the trial court (1) declaring

15 witness statements to be court records, and (2) denying BP's motion to seal the witness statements. BP contends in its first issue that the contents of witness statements, specifically the "witnesses' identifying information," are not court records. BP alternatively contends in its second issue that the trial court abused its discretion by not sealing the witness statements. We conclude that the issue of whether the 15 witness statements are court records is moot because publishing the redacted witness statements had the effect of making them available to the public in the same way as a court record. We further conclude that the trial court did not abuse its discretion by denying BP's motion to seal the witness statements because BP did not meet its burden to show that no less restrictive means than sealing records would adequately and effectively protect BP's interest in sealing the records. We affirm.

## Background

As a result of an explosion that occurred at BP's Texas City facility on March 23, 2005, killing 15 people and injuring others, BP, the Occupational Safety & Health Administration and the Chemical Safety and Hazard Investigation Board began to conduct investigations into the cause of the explosion to prevent future explosions. BP's internal investigation included taking 15 witness statements.

After the explosion, the civil action underlying this appeal was filed in the Galveston County District Court for the personal injuries and deaths of those affected by the explosion. BP produced many documents, including the witness statements, which were marked "confidential," to the plaintiffs pursuant to an agreed protective order. The Houston Chronicle (the Chronicle) and the Galveston County Daily News (the Daily News) intervened in the

case on April 15, 2005, and filed a motion to unseal the discovery produced in the case, which, for purposes of this appeal, is limited to the 15 witness statements.

On July 29, 2005, the Chronicle and the Daily News filed a motion to compel, or in the alternative, to rule discovery documents are court records, asking the trial court to determine whether the 15 witness statements are court records pursuant to Texas Rule of Civil Procedure 76a(2). The trial court reviewed the witness statements *in camera* and signed an order designating the 15 witness statements as court records that concern "[m]atters that have a probable adverse effect upon the general public health or safety," and are thus accessible to the public.

On October 24, 2005, BP filed a motion to seal the 15 witness statements pursuant to Texas Rule of Civil Procedure 76a(1), along with a motion to stay the disclosure of any witness statements deemed "court records" until this Court could consider an appeal of the trial court's "court records" determination. On November 7, 2005, the trial court denied BP's motions to seal the 15 witness statements and the motion to stay the disclosure of the witness statements. On the same day, BP filed a motion to stay the disclosure of the 15 witness statements in this Court, which we granted on November 8, 2005. On the same day, but before issuance of this Court's order to stay, the Chronicle and the Daily News each published stories containing some information from the 15 witness statements.

On November 23, 2005, notwithstanding this Court's stay order that was still in place, BP voluntarily removed the confidentiality marking from the 15 witness statements and produced them to the plaintiffs and the Chronicle. BP, however, redacted the names and identifying information of the witnesses and those named

by the witnesses from the 15 witness statements.

## Rule 76a

■■■ Rule 76a provides the standard and procedures for sealing court records. Tex.R. Civ. P. 76a; *Gen. Tire v. Kepple,* 970 S.W.2d 520, 523 (Tex.1998). We review a trial court's decision under Rule 76a for an abuse of discretion. *Id.* at 526. The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, or acted in an arbitrary or unreasonable manner. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). Under Rule 76a, a trial court makes the threshold determination of whether unfiled discovery is a "court record" before determining whether the subject unfiled discovery should be sealed. *Kepple,* 970 S.W.2d at 526.

## Court Records

■■■ BP contends that the "witnesses' identifying information" within the 15 witness statements does not meet the court records test set forth in Rule 76a. Rule 76a(1) provides that "court records . . . are presumed to be open to the general public." Tex.R. Civ. P. 76a(1). "Court records" include "discovery, not filed of record, concerning matters that have a probable adverse effect upon the general public health or safety." Tex.R. Civ. P. 76a(2)(c). A trial court may not presume a document or particular group of documents are court records if a party in a rule 76a motion contests whether the discovery in question constitutes court records as defined in the rule. *Upjohn Co. v. Freeman,* 906 S.W.2d 92, 95–97 (Tex.App.-Dallas 1995, no writ); *Eli Lilly & Co. v. Biffle,* 868 S.W.2d 806, 808 (Tex.App.-Dallas 1993, no writ). When the issue is raised, the trial court must determine whether a specific document or category of documents are court records. *Upjohn Co.,* 906 S.W.2d at 96. If the character of the discovery documents is disputed, it is the burden of the party claiming the documents are open to the public to prove by a preponderance of the evidence that the documents are court records as defined by rule 76a. *Eli Lilly & Co.,* 868 S.W.2d at 808.

■■■ "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' " *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287, 120 S.Ct. 1382, 1390, 146 L.Ed.2d 265 (2000).

The trial court's order denying BP's motion to seal states that "no order, narrowly tailored or otherwise, shall issue sealing any part of the witness statements." The order, therefore, requires that the entire contents of the 15 witness statements be available for public view. Although BP opposed the trial court's decision to characterize the 15 witness statements as court records, BP complied in part with the trial court's order by voluntarily releasing the 15 witness statements to the public, after redacting names and other identification information from the statements. Despite making the contents of the 15 witness statements public, BP continues to challenge the trial court's order that requires that it make public the entire contents because "BP remains committed to protecting the names and identifying information contained in those . . . statements." BP asserts that "the reason for withholding the entire statements and now the identifying information is to protect the integrity of the investigation and to ensure the integrity of future investigations." BP contends that "[w]ithout protecting [the witnesses'] identities, common sense and the evidence in this case dictate that wit-

nesses will be hesitant to offer the very information needed to prevent future accidents."

■ The movant, here the Chronicle, had the burden to prove that the witness statements met the "court record" requirements of Rule 76a(2). *See Eli Lilly & Co.,* 868 S.W.2d at 808. BP's challenge, however, to whether the Chronicle met its burden of proof to show that the witness statements are court records is moot. By voluntarily tendering the 15 redacted witness statements to the Chronicle, notwithstanding our order staying the trial court's order, BP agreed to release the information contained within the witness statements to the public, which rendered the determination of whether they were court records moot because publishing the redacted witness statements had the effect of making them available to the public in the same way as a court record. Thus, whether the witness statements should be available to the public is no longer a live issue.

■ Furthermore, the trial court's determination of whether the witness statements were court records was made as to the documents themselves and not as to the witnesses' identifying information in isolation. The test involves whether the documents as a whole are court records concerning matters that have a "probable adverse effect upon the general public health or safety," not whether, as BP contends, some portion of each document concerns "matters that have a probable adverse effect upon the general public health or safety." [1] *See Upjohn Co.,* 906 S.W.2d at 96; *see also* Tex.R. Civ. P. 76a(2).

We accordingly overrule BP's first issue.

1. Redaction is a separate issue that was not raised at the trial court level and is not before

## Sealing Court Records

■ Because there is no live dispute before us concerning whether the witness statements are court records, we turn to whether the respondent, here BP, established that "the identifying information in the witness statements should be sealed."

Court records are presumed to be open to the general public. Tex.R. Civ. P. 76a(1). The party moving for the sealing order has the burden to rebut the presumption in order to seal the records. *Eli Lilly & Co.,* 868 S.W.2d at 809. A party may rebut the presumption of openness by proving "all of the following":

(a) a specific, serious and substantial interest which clearly outweighs:

(1) this presumption of openness;

(2) any probable adverse effect that sealing will have upon the general public health or safety;

(b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

Tex.R. Civ. P. 76a(1) (emphasis added).

BP, as the party that requested that the court records be kept under seal, had the burden to show, *inter alia,* that "no less restrictive means than sealing [the witness statements would] adequately and effectively protect the specific interest asserted." Tex.R. Civ. P. 76a. We conclude that BP did not meet this burden. Specifically, by tendering the 15 redacted witness statements, BP effectively conceded that a less restrictive alternative—redaction—was available to the broad sealing order it requested. BP therefore failed to meet its burden under Rule 76a.

We overrule BP's second issue.

this Court.

### Conclusion

We affirm the trial court's orders declaring the 15 witness statements to be court records and denying BP's motion to seal the witness statements. Furthermore, all pending motions relating to this appeal are denied as moot.