**Affirmed as Modified and Memorandum Opinion filed February 11, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00470-CV

---

## FOTIOS KALLERGIS, Appellant

## V.

## ALLYSON BRUPBACHER; ALLYSON BRUPBACHER, PC, Appellees

---

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 18-DCV-252266**

---

## MEMORANDUM OPINION

Appellant Fotios Kallergis appeals from a confidentiality order signed by the trial court which sealed items that had been or might be filed as exhibits to certain motions and responses to motions. Kallergis argues that the trial court abused its discretion when it included an order sealing court records within a confidentiality order because appellees Allyson Brupbacher and Allyson Brupbacher, PC (collectively "Brupbacher") did not meet the procedural and substantive requirements mandated by Texas Rules of Civil Procedure 21 and 76a. Because

we conclude that the trial court abused its discretion when it included the order sealing court records, we modify the confidentiality order to delete the sealing order and affirm the order as modified.

## BACKGROUND

The origins of the present case are found in a family law case filed in Fort Bend County. Brupbacher was appointed amicus attorney to protect the interests of Kallergis's child. Subsequently, Kallergis's former wife filed an unopposed motion to remove Brupbacher as the amicus attorney. Kallergis's former wife asserted that the parties had agreed an amicus attorney was not needed. The trial court subsequently signed an "Agreed Final Order Releasing Amicus Attorney." In that order the trial court discharged Brupbacher as the amicus attorney for the Kallergis's minor child. The trial court also ordered Brupbacher to return $3,465.75 to Kallergis's former wife and $2,587.50 to Kallergis. Finally, the trial court ordered that any other funds held in trust by Brupbacher could be released. The agreed order had been "respectfully submitted" and signed by Brupbacher, as well as by Kallergis's former-wife's attorney, and by Kallergis's attorney.

Subsequently, Kallergis filed suit against Brupbacher and her law firm asserting numerous causes of action. In essence, Kallergis alleged that Brupbacher had placed a video that portrayed sexual conduct as well as numerous sexually-explicit photographs of herself on an internet website with unrestricted access. Kallergis further asserted that Brupbacher's internet postings were the actual reason the parties had Brupbacher removed as the amicus attorney for their child. Kallergis further alleged that he then incurred additional costs because he had been required to pay for another amicus attorney. In addition to other damages, Kallergis sought to recover those additional legal fees from appellees.

Brupbacher filed a motion to dismiss and motions for traditional and no-

2

evidence summary judgment on Kallergis's claims against her and her law firm. Kallergis subsequently filed a motion to compel Brupbacher to appear for a deposition and a related motion for continuance of the hearings on Brupbacher's motions for summary judgment. Kallergis also filed a response to Brupbacher's motions for summary judgment. Brupbacher then filed a response to Kallergis's motion to compel deposition and motion for continuance. Included within Brupbacher's response was a "motion for confidentiality order." In her motion, Brupbacher alleged Kallergis was continuously filing affidavits with the trial court that included photographs of Brupbacher in an attempt to embarrass and harass her. Brupbacher also informed the trial court of her concern that Kallergis would provide the deposition and photographs to the media to further embarrass and humiliate her. Brupbacher asked the trial court to enjoin "the parties and counsel for the parties from disseminating or discussing any pleadings or discovery other than to counsel for a party to this lawsuit or to a designated retained expert by a party or, and [sic] prohibit filing the deposition and any exhibits unless they are filed under seal."

The trial court held a hearing on Kallergis's motion to compel deposition and motion for continuance on May 28, 2019. Brupbacher's motion for confidentiality order was also addressed during that hearing. During the hearing, the trial court granted Kallergis's motion to compel Brupbacher's deposition[1] and his motion for continuance. During the oral hearing, Kallergis's attorney (1) stated that he had not seen the proposed confidentiality order before the hearing, and (2) objected to the scope of the restrictions contained in the proposed confidentiality order. Kallergis did not, however, raise any objection to Brupbacher's motion based on lack of proper notice, the applicability of Rule 76a, or on an alleged

---

[1] The trial court also assessed $750 sanctions against Brupbacher as part of the order compelling her to appear for a deposition.

3

failure to follow the procedures contained therein.  *See* Tex. R. Civ. P. 76a (establishing procedures for sealing court records as defined in the rule).

The trial court granted Brupbacher's motion for confidentiality order, which it signed on May 28, 2019.  The trial court specified that six discovery items were covered by the order: (1) Brupbacher's responses to Kallergis's request for disclosures; (2) Brupbacher's responses to Kallergis's requests for production; (3) Brupbacher's oral deposition transcript; (4) Kallergis's affidavit which was attached to his response to Brupbacher's motion to dismiss; (5) Kallergis's affidavit which was attached as exhibit one to his response to Brupbacher's motions for summary judgment; and (6) the transcript of a voiceover video attached as exhibit two to Kallergis's response to Brupbacher's motions for summary judgment.  The order also defined "confidential information" as including "any document, oral communication, or other information of the parties, the improper use of which is likely to cause injury to the producing party."  Finally, the confidentiality order included the following section:

> 4.      Filing of Confidential Information
>
> 4.1    Any motions, pleadings, affidavits, briefs, or other documents submitted to or filed with the Court that contain, reproduce, quote, paraphrase, or otherwise reveal any confidential information shall be filed directly with the clerk of 240th Judicial District Court in a sealed envelope marked on the outside with the title of the cause number, an identification of each document or other item within, and a statement substantially in the following form:
>
> "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
>
> This envelope containing the above-identified papers by (name of party) is not to be opened, nor are its contents to be displayed, except by court order or by agreement of the parties . . ."
>
> The clerk of the Court shall maintain under seal such confidential documents, information, or testimony, which shall be made available only to the Court and to counsel for the parties in this cause number

4

until further order of this Court.

Kallergis subsequently filed a notice of appeal of the trial court's confidentiality order.

**ANALYSIS**

Kallergis raises two issues arguing that the trial court abused its discretion when it signed the confidentiality order. Brupbacher responds in her own appellate brief that this court lacks jurisdiction to hear Kallergis's appeal because the trial court's confidentiality order is not a final order and it does not fit within any other exception to the general rule that interlocutory orders are not appealable. We turn first to Brupbacher's jurisdictional argument.

## I.    We have jurisdiction to consider Kallergis's appeal.

Generally, appeals may only be taken from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellate courts may also consider appeals from interlocutory orders when a statute specifically authorizes an appeal. *Tex. A & M Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). In this case, Rule 76a(8) authorizes such an appeal. It provides in pertinent part: "Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such an order." Tex. R. Civ. P. 76a(8). Here, it is undisputed that Kallergis participated in the hearing preceding the issuance of the disputed order. We also conclude that the order fits within the expansive language of the rule authorizing appeals from orders "relating to sealing or unsealing court records." *See id.*; *Francesca Sanio Stacey v. Selina Shad*, No. 03-20-00126-CV, 2020 WL 7640041, at *3 (Tex. App.—Austin Dec. 23, 2020, n.p.h.) (mem. op.)

("First, the challenged order operates in part to seal the disputed financial records, thereby making it an order 'relating to sealing.'"); *Title Source, Inc. v. HouseCanary, Inc.*, 603 S.W.3d 829, 834 (Tex. App.—San Antonio 2019, pet. granted) ("While it is true that the court's order to seal does not mention Rule 76a, this fact alone does not remove the order from the ambit of appealable orders specified by Rule 76a(8)"). We therefore conclude that we have jurisdiction over this appeal.

## II. Kallergis failed to preserve his notice complaints for appellate review.

We turn now to Kallergis's issues on appeal. In his first issue, Kallergis argues that the trial court erred when it signed the May 28, 2019 Confidentiality Order because appellees did not provide the notice required by Rule 76a(4) and Rule 21 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 21(b) (generally providing three-day notice requirement for hearings); 76a(4) (stating that a hearing on a motion to seal court records must be held "as soon as practicable, but not less than fourteen days after the motion is filed and notice posted."). Appellees respond that Kallergis failed to preserve this complaint for appellate review because he did not make any objection to the trial court considering their motion for confidentiality order based on either Rule 21's three-day notice requirement or Rule 76a(4)'s fourteen-day public notice requirement. We agree with appellees.

In making his argument, Kallergis does not point out where in the record he raised any objection to the trial court considering appellees' motion for confidentiality order based on the notice requirements found in Rule 21 or Rule 76a and our own search of the record has not revealed any such objection.[2]

---

[2] Kallergis did state that he had never seen the motion for confidentiality. He did not,

6

Accordingly, we conclude that he has failed to preserve his first issue for appellate review. *See* Tex. R. App. P. 33.1(a); *In re Marriage of Slagle*, No. 14-16-00113-CV, 2018 WL 2306736, at \*6 (Tex. App.—Houston [14th Dist.] May 22, 2018, pet. denied) (mem. op.) ("We hold Paul did not preserve this issue for appellate review because he did not raise his complaints with the trial court."); *Garcia v. Alvarez*, 367 S.W.3d 784, 788 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding appellant failed to preserve error when she failed to object after "the trial court announced at the conclusion of the enforcement hearing that this would be the form of the judgment").

## III.    Brupbacher failed to meet the burden established by Rule 76a for the sealing of court records.

Section 4 of the May 28, 2019 Confidentiality Order ordered the sealing of any confidential information that might be filed with the trial court. Kallergis argues in his second issue that the trial court abused its discretion when it included section 4 in the May 28, 2019 Confidentiality Order because Brupbacher did not meet the requirements established by Rule 76a for the sealing of "court records." We agree.

Rule 76a provides the standards and procedures for sealing court records. *See* Tex. R. Civ. P. 76a (stating that court records may be sealed only upon a showing of all of the requirements contained in the rule); *BP Prods. N. Am., Inc. v. Houston Chronicle Pub. Co.*, 263 S.W.3d 31, 34 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Rule 76a places the burden of proof on the party seeking to seal court records. *See* Tex. R. Civ. P. 76a(7) ("[T]he burden of making the showing

---

however, object to the trial court proceeding on the motion for confidentiality order based on either Rule 21 or Rule 76a. In addition, Kallergis substantively objected to the limitations contained in the proposed confidentiality order, but he did not include any reference to Rule 21 or Rule 76a in that objection.

required by paragraph 1, shall always be on the party seeking to seal records."); *BP Prods. N. Am., Inc.*, 263 S.W.3d at 35 (placing burden on party seeking to seal court records to meet requirements established by the rule). Rule 76a requires the party seeking to seal court records to show (1) a "specific, serious, and substantial interest" which clearly outweighs the general presumption that court records are to be open to the general public and any probable adverse effect that sealing the court records would have upon the general public health or safety; and (2) that there are no less restrictive means than sealing records that would adequately and effectively protect any interest that the party might assert. *BP Prods. N. Am., Inc.*, 263 S.W.3d at 35. Because Brupbacher did not present any evidence establishing the Rule 76a requirements, we hold that she failed to meet her burden under the rule and the trial court abused its discretion when it included section 4, the sealing order, within the May 28, 2019 Confidentiality Order. *See id.* (concluding that party failed to meet burden to establish there was no less restrictive means available to protect the specific interest asserted). We sustain Kallergis's second issue.

## CONCLUSION

Kallergis has not challenged any other part of the May 28, 2019 Confidentiality Order. We therefore modify the May 28, 2019 Confidentiality Order by deleting section 4, which contains the sealing order, and affirm the order as modified.

/s/    Jerry Zimmerer
      Justice

Panel consists of Justices Christopher, Wise, and Zimmerer.

8