

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00584-CV

**TITLE SOURCE, INC.**, Reporters Committee for Freedom of the Press,
and Houston Forward Times,
Appellants

v.

**HOUSECANARY, INC.**, f/k/a Canary Analytics, Inc.,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2016CI06300
Honorable David A. Canales, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: March 15, 2023

REVERSED AND RENDERED

Appellants Title Source, Inc., the Reporters Committee for Freedom of the Press, and the

Houston Forward Times[1] challenge an order granting appellee HouseCanary, Inc. f/k/a Canary

Analytics, Inc.'s amended motion to seal fourteen trial exhibits. We reverse the trial court's order

and render judgment denying HouseCanary's amended motion to seal.

---

[1] We refer to appellants the Reporters Committee for Freedom of the Press and the Houston Forward Times as "the Media Intervenors."

**BACKGROUND**

This is the third appeal to this court arising out of a dispute between HouseCanary and Title Source. *See Title Source, Inc. v. HouseCanary, Inc.*, 612 S.W.3d 517 (Tex. App.—San Antonio 2020, pet. denied) (op. on reh'g) (*Title Source II*); *Title Source, Inc. v. HouseCanary, Inc.*, 603 S.W.3d 829 (Tex. App.—San Antonio, 2019) (*Title Source I*), *aff'd in part and rev'd in part*, 622 S.W.3d 254 (Tex. 2021). The underlying dispute revolves around Title Source's claim that HouseCanary breached a contract[2] and HouseCanary's counterclaim that Title Source misappropriated HouseCanary's trade secrets.

HouseCanary alleged that it owned trade secret technology that estimates the value of residential real estate. It has identified five distinct trade secrets: a data dictionary, an automated valuation model, a similarity score, a complexity score, and a data compilation. After a jury found that HouseCanary owned the five trade secrets and Title Source had misappropriated those secrets, the trial court signed a judgment for HouseCanary on its misappropriation claim. *Title Source II*, 612 S.W.3d at 526–27. In *Title Source II*, we concluded that legally and factually sufficient evidence supported the jury's finding that HouseCanary owned the trade secrets, but we ultimately reversed the judgment on HouseCanary's misappropriation claim and remanded that claim for a new trial. *Id.* at 530, 532. The Texas Supreme Court denied both parties' petitions for review of our opinion in *Title Source II*, and we issued our mandate in that case on September 12, 2022.

While *Title Source II* considered the parties' substantive claims, *Title Source I* and this appeal involve procedural questions about the protection of HouseCanary's alleged trade secrets during this litigation. Before the jury trial, the trial court signed a Stipulated Protective Order that established procedures for the parties to exchange and use potentially sensitive documents and

---

[2] The resolution of Title Source's breach of contract claim is not relevant to this appeal.

testimony without compromising their trade secrets and other non-public confidential information. On April 6, 2018, after the jury trial concluded, HouseCanary filed a motion under the Stipulated Protective Order and Texas Rule of Civil Procedure 76a asking the trial court to seal thirty exhibits the parties had presented at trial. Title Source opposed the motion as did the Media Intervenors, who intervened in this case in response to HouseCanary's public notice of its motion to seal. The trial court denied HouseCanary's April 6, 2018 motion.

HouseCanary filed a motion to reconsider that relied solely on the Texas Uniform Trade Secrets Act (TUTSA), expressly disclaimed reliance on Rule 76a, and limited its sealing request to eight exhibits. After the trial court indicated its intention to seal those eight exhibits, HouseCanary submitted a proposed order that would have sealed, either in whole or in part, the eight exhibits listed in its motion to reconsider plus an additional six exhibits that were not listed in the motion. Title Source objected to the proposed order, arguing it would grant more relief than HouseCanary had requested. On July 3, 2018, the trial court signed an order that sealed eight exhibits—PX 49, PX 64, DX 95, DX 342, DX 561, DX 759, DX 800, and DX 835—in their entirety. It also ordered six additional exhibits—PX 108, PX 345, DX 101, DX 136, DX 421, and DX 828—redacted "so that the trade secrets contained therein are removed and sealed[.]"

Title Source and the Media Intervenors appealed. We reversed the trial court's July 3, 2018 order and rendered judgment denying HouseCanary's motion to reconsider. *Title Source I*, 603 S.W.3d at 841. This court's majority opinion in *Title Source I* concluded that the trial court erred by "seal[ing] records without applying the Rule 76a standards and procedures, as agreed and ordered in the [Stipulated Protective Order]." *Id.*

The Texas Supreme Court affirmed our judgment in part and reversed it in part. *See HouseCanary, Inc. v. Title Source, Inc.*, 622 S.W.3d 254, 266 (Tex. 2021). The supreme court held that when a party moves to seal court records that contain alleged trade secrets, TUTSA displaces

Rule 76a's "substantive sealing standards"—specifically, the rule's provision "that court records are presumed to be open to the public"—but not its procedural requirements. *Id.* at 259–63. Because the trial court did not apply the non-displaced portions of Rule 76a to HouseCanary's motion to reconsider, the supreme court affirmed our conclusion that the trial court erred by granting the motion. *Id.* at 265–66. However, because the trial court had "not had an opportunity to exercise its discretion under" a legal standard that "combines TUTSA's presumption with Rule 76a's non-displaced provisions," the supreme court reversed our rendition of judgment denying HouseCanary's motion and remanded the matter to the trial court to allow HouseCanary "to file a new motion under the correct standard." *Id.* at 266.

HouseCanary filed a new motion to seal, and it later amended that motion. HouseCanary asked the trial court "to seal the same 14 exhibits containing trade secret information that the Court sealed on July 3, 2018[.]" Title Source and the Media Intervenors filed written responses, and HouseCanary filed individual replies to each response. On December 10, 2021, the trial court signed an order that granted HouseCanary's amended motion and sealed all fourteen exhibits in their entirety. Title Source and the Media Intervenors timely filed this appeal.

**ANALYSIS**

In four issues, Title Source argues the trial court abused its discretion by: (1) modifying the Stipulated Protective Order and disregarding HouseCanary's failure to comply with the original terms of the Stipulated Protective Order; (2) sealing the fourteen exhibits without a showing that "no less restrictive means" would protect HouseCanary's interest in the alleged trade secrets; (3) granting HouseCanary's amended motion to seal without a showing of changed circumstances; and (4) "sealing documents already in the public domain . . . in violation of the First Amendment." In two issues, the Media Intervenors argue that sealing the exhibits violated the First Amendment—in part, because the sealing order is not "narrowly tailored"—and that the

trial court erred by amending the Stipulated Protective Order. We will begin by considering Title Source's second issue.

### *Standard of Review*

We review a trial court's order sealing records under Rule 76a for abuse of discretion. *HouseCanary*, 622 S.W.3d at 259. A trial court abuses its discretion if its ruling is arbitrary, unreasonable, or issued "without supporting evidence." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *see also Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 525 (Tex. 1998). Additionally, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "With respect to factual matters, a trial court abuses its discretion if, under the record, it reasonably could have reached only one decision and it failed to do so." *Clear Channel Commc'ns, Inc. v. United Servs. Auto. Ass'n*, 195 S.W.3d 129, 134 (Tex. App.—San Antonio 2006, no pet.).

### *Applicable Law*

Texas Rule of Civil Procedure 76a provides that court records "are presumed to be open to the general public" and may be sealed only upon a showing of, inter alia, "a specific, serious and substantial interest which clearly outweighs . . . this presumption of openness[.]" TEX. R. CIV. P. 76a(1)(a). TUTSA, however, requires a trial court to "preserve the secrecy of an alleged trade secret by reasonable means." TEX. CIV. PRAC. & REM. CODE ANN. § 134A.006(a). "There is a presumption in favor of granting protective orders to preserve the secrecy of trade secrets." *Id.* For purposes of complying with TUTSA's presumption, "[p]rotective orders may include provisions limiting access to confidential information to only the attorneys and their experts, holding in camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval." *Id.* The Texas Supreme Court has held that TUTSA's presumption in favor of protective orders conflicts with,

and thus displaces, Rule 76a's presumption that court records are generally open to the public. *HouseCanary*, 622 S.W.3d at 261.

But TUTSA "does not provide an independent, self-contained pathway for sealing court records" and "prescribes no procedures for parties or courts to follow in using these means." *Id.* at 256, 260. As a result, the Texas Supreme Court concluded that TUTSA "leaves much of Rule 76a in place" and does not displace Rule 76a's procedural requirements. *Id.* at 262–63. Those procedural requirements include, inter alia, a showing that "no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted." TEX. R. CIV. P. 76a(1)(b); *HouseCanary*, 622 S.W.3d at 262–63.

"'The party seeking to seal the court records must prove the [non-displaced] elements of rule 76a by a preponderance of the evidence.'" *Musculoskeletal Imaging Consultants, LLC v. Jar Enters., Inc.*, 631 S.W.3d 739, 742 (Tex. App.—San Antonio 2021, no pet.) (quoting *Upjohn Co. v. Freeman*, 906 S.W.2d 92, 96 (Tex. App.—Dallas 1995, no writ)); *see also* TEX. R. CIV. P. 76a(7). This court has held, in an opinion citing *HouseCanary*, that "generalized allegations" regarding Rule 76a's requirements will not support a conclusion that no less restrictive means than sealing would adequately protect a trade secret. *See Musculoskeletal Imaging*, 631 S.W.3d at 742–43; *see also Volvo Car Corp. v. Marroquin*, No. 13-06-00070-CV, 2009 WL 3647348, at *4–5 (Tex. App.—Corpus Christi–Edinburg Nov. 5, 2009, pet. denied) (mem. op., per curiam) (holding, in a case involving allegations of trade secrets, that "blanket assertions that a total seal is necessary" did not satisfy Rule 76a's "no less restrictive means" requirement).

### *Application*

In its December 10, 2021 sealing order, the trial court concluded, "HouseCanary established that there are no less restrictive means than sealing the trade secret documents that will adequately and effectively protect HouseCanary's information." The order did not state the reasons

underlying this conclusion. *See* TEX. R. CIV. P. 76a(6) (motion seeking to seal court records "shall be decided by written order, open to the public, which shall state . . . the specific reasons for finding and concluding whether the showing required by [Texas Rule of Civil Procedure 76a(1)] has been made").[3]

In its amended motion to seal, HouseCanary argued that the trial court had previously concluded that HouseCanary's alleged "trade secrets are reflected in the 14 trial exhibits at issue." Based on its assertion that two of our sister courts had "concluded that sealing entire documents is the least restrictive method of protecting a party's trade secret information,"[4] HouseCanary's amended motion and its reply to the Media Intervenors' response stated that "sealing the 14 trial exhibits is the least restrictive means of protecting HouseCanary's trade secret information." In its reply to Title Source's response, HouseCanary argued, "The entirety of each of the fourteen exhibits meets the TUTSA sealing standard and must be sealed in their entirety to protect those trade secrets." HouseCanary did not, however, present or cite any "testimony or evidence regarding whether the [exhibits containing the alleged trade secrets] could be redacted while still protecting its interest." *Marroquin*, 2009 WL 3647348, at *4–5; *see also Musculoskeletal Imaging*, 631 S.W.3d at 743 ("Generally, motions, arguments of counsel, and bare assertions are not evidence.") (internal quotation marks and brackets omitted). Instead, HouseCanary's motion and replies presented the kind of "generalized allegations" that we have previously held cannot satisfy

---

[3] HouseCanary argues that because the trial court's order finds that less restrictive means than sealing would not protect HouseCanary's asserted interest, "no further discussion was required" in the order. This argument is directly contrary to Rule 76a(6)'s plain language. *See* TEX. R. CIV. P. 76a(6).

[4] Both of the opinions HouseCanary cited for this proposition below indicate that the movants in those cases presented affidavits or other testimonial evidence in support of their motions to seal. *See Witt v. Michelin N. Am., Inc.*, No. 02-18-00390-CV, 2020 WL 5415228, at *9–11 (Tex. App.—Fort Worth Sept. 10, 2020, no pet.) (mem. op.); *Hillwood Inv. Props. III, Ltd. v. Radical Mavericks Mgmt., LLC*, No. 05-11-01470, 2014 WL 4294968, at *4 (Tex. App.—Dallas Aug. 21, 2014, no pet.) (mem. op.). Neither *Witt* nor *Hillwood* suggests courts should presume that permanently sealing documents in their entirety is the least restrictive means to protect alleged trade secrets. To the contrary, the *Witt* court held that a trial court abused its discretion by sealing a set of documents that the movant's own redactions showed "could be protected by less restrictive means." *Witt*, 2020 WL 5415228, at *11.

Rule 76a's "no less restrictive means" requirement. *See Musculoskeletal Imaging*, 631 S.W.3d at 743.

Furthermore, both the appellate record and HouseCanary's own arguments in this appeal show that sealing all fourteen exhibits was not the least restrictive means to protect HouseCanary's asserted interest. For example, the record shows that in the July 3, 2018 order at issue in *Title Source I*, the trial court determined that six of the fourteen exhibits—PX 108, PX 345, DX 101, DX 136, DX 421, and DX 828—could be redacted in a way that sufficiently protected HouseCanary's interest. The December 10, 2021 order at issue in this appeal does not explain why the trial court decided to reconsider its earlier conclusion as to those six exhibits, and neither the supreme court's opinion in *HouseCanary* nor this court's opinion in *Title Source I* suggested that the trial court's earlier conclusion on this point was erroneous. *See generally HouseCanary*, 622 S.W.3d at 256–67; *Title Source I*, 603 S.W.3d at 832–41.

Additionally, HouseCanary has represented to this court that it "no longer seeks protection for" two exhibits, DX 342 and DX 759, which it contends were inadvertently disclosed in a separate lawsuit. The record shows that before the trial court signed the December 10, 2021 order at issue in this appeal, Title Source informed the court that HouseCanary had made the same concession regarding DX 342 and DX 759 during the proceedings in the Texas Supreme Court. When a party concedes that a less restrictive alternative than sealing is available, that party cannot meet its burden under Rule 76a(1)(b). *See BP Prods. N. Am., Inc. v. Hous. Chronicle Publ'g Co.*, 263 S.W.3d 31, 35 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

HouseCanary also represents to this court that it "no longer seeks protection for approximately 44 pages in the twelve [remaining] exhibits at issue" because "[t]hese pages do not contain trade-secret material, and do not disclose any element of HouseCanary trade secrets." *See id.* HouseCanary identifies these forty-four pages as "eight transmittal emails, three mostly blank

pages, two blank pages, a master software license agreement, and an amendment to a master software license agreement." In contrast to DX 342 and DX 759, the record does not show that HouseCanary made any explicit concessions regarding these forty-four pages before it filed its brief in this appeal. Nevertheless, after reviewing the pages in question, we conclude the trial court could not have reasonably concluded that sealing those pages was the least restrictive means to protect HouseCanary's alleged trade secrets. *See* TEX. R. CIV. P. 76a(1)(b); *Clear Channel*, 195 S.W.3d at 134. For example, while six of the eight "transmittal emails" refer to documents attached to the emails, the emails themselves either do not describe those documents or describe them in general terms that are similar to or less detailed than the descriptions in HouseCanary's public notice of its amended motion to seal. One of the transmittal emails mentions, but does not describe, a "data dictionary"; three of the emails mention the words "complexity" or "complexity score" but do not elaborate on or explain those terms; and four of the emails do not specifically mention any of HouseCanary's five alleged trade secrets. Two of the emails contain no message and show only the sender and recipients.

HouseCanary argues that its current recognition that portions of the sealed exhibits are not entitled to protection does not support reversal of the trial court's order because the sealing of the non-protected information "was not harmful and of only de minimus significance." But both the supreme court and this court have held that a sealing order must be reversed where, as here, the record shows the movant has not satisfied Rule 76a's non-displaced provisions. *See HouseCanary*, 622 S.W.3d at 264–66; *Musculoskeletal Imaging*, 631 S.W.3d at 743. Nothing in the text of Rule 76a or the supreme court's opinion remanding this matter to the trial court suggests that we may overlook "de minimus" violations of Rule 76a's requirements. *See* TEX. R. CIV. P. 76a(1)(b); *HouseCanary*, 622 S.W.3d at 264–66; *see also Burrhus v. M&S Supply, Inc.*, 933 S.W.2d 635, 640

(Tex. App.—San Antonio 1996, writ denied) (we apply rules of civil procedure as they are written).

HouseCanary contends on appeal that redaction "is neither practical nor possible" to sufficiently protect the information that it argues was properly sealed. It further contends that under some circumstances, "redaction may be so extensive that is effectively a full sealing." But HouseCanary did not raise these arguments below. *See* TEX. R. APP. P. 33.1(a). We therefore decline to consider them on appeal. *See Watts v. Watts*, 396 S.W.3d 19, 23 (Tex. App.—San Antonio 2012, no pet.) ("In order to preserve error for appellate review, a party's argument on appeal must comport with its argument in the trial court.").

HouseCanary also argues that "[Title Source] and the Media Intervenors do not explain how redactions could be accomplished while still protecting the alleged secrets." But Rule 76a specifically provides that "the burden of making the showing required by paragraph 1 [which includes the "no less restrictive means" provision], shall always be on the party seeking to seal records." TEX. R. CIV. P. 76a(7); *see also Musculoskeletal Imaging*, 631 S.W.3d at 743 (holding movant bore burden to show sealing was warranted). HouseCanary cites no authority for the proposition that Title Source or the Media Intervenors bore a burden to suggest specific redactions or other protective measures. *See* TEX. R. APP. P. 38.1(i).

Finally, we note that HouseCanary argued below that it sought to seal only fourteen of 1,474 exhibits the parties presented at trial. No matter how many exhibits a party seeks to seal, that party must still meet the requirements of Rule 76a with regard to each exhibit. *Toyota Motor Sales, U.S.A., Inc. v. Reavis*, No. 05-19-00284-CV, 2021 WL 389094, at *8 (Tex. App.—Dallas Feb. 4, 2021, pet. granted, judgm't vacated w.r.m.) (mem. op.). HouseCanary bore the burden to show that sealing the entirety of the fourteen exhibits in question was the least restrictive means to protect its asserted interest. *See id.*; *see also* TEX. R. CIV. P. 76a(1)(b), (7). HouseCanary simply

did not show that "no less restrictive means than sealing [all fourteen exhibits] will adequately and effectively protect" its interest in the alleged trade secrets. TEX. R. CIV. P. 76a(1)(b); *Musculoskeletal Imaging*, 631 S.W.3d at 743. Because HouseCanary did not carry its burden under Texas Rule of Civil Procedure 76a(1)(b), the trial court abused its discretion by granting HouseCanary's amended motion to seal. *See Musculoskeletal Imaging*, 631 S.W.3d at 743.

Having concluded that we must reverse the trial court's order, we must now determine whether to remand this matter for further proceedings or to render judgment denying HouseCanary's amended motion to seal. *See* TEX. R. APP. P. 43.2, 43.3. As HouseCanary notes, Rule 76a provides that in an appeal from a sealing order, an "appellate court may abate the appeal and order the trial court to direct that further public notice be given, or to hold further hearings, or to make additional findings." TEX. R. CIV. P. 76a(8). Similarly, the Texas Rules of Appellate Procedure permit us to "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b). We have previously held, however, that when a "trial court seal[s] court records without a sufficient basis to conclude the requirements of Rule 76a were met," rendition of judgment denying a motion to seal is an appropriate disposition. *See Musculoskeletal Imaging*, 631 S.W.3d at 741, 744. Additionally, we rendered judgment denying HouseCanary's sealing motion in the first iteration of this dispute, and the supreme court noted that our reasoning—that the trial court erred by sealing records without applying Rule 76a's requirements—"supported that disposition." *Compare Title Source I*, 603 S.W.3d at 841, *with HouseCanary*, 622 S.W.3d at 266. Because we have again held that Rule 76a's requirements were not satisfied, and because we see no changed circumstances that would permit the trial court to consider a third sealing motion, we conclude rendition of judgment is warranted here. *See* TEX. R. CIV. P. 76a(7); *cf. HouseCanary*, 622 S.W.3d at 266 (remanding to allow HouseCanary to file, and the trial court to consider, a new sealing motion in light of the supreme court's "clarification of the applicable legal standard"); *see also*

- 11 -

TEX. R. APP. P. 43.3; TEX. CIV. PRAC. & REM. CODE § 134A.006(a) ("In an action under [TUTSA], a court shall preserve the secrecy of an alleged trade secret by *reasonable* means.") (emphasis added).

HouseCanary suggests that a judgment denying its motion to seal means that "a failure to redact in the manner an appellate court later determines should have happened forfeits the information's security." We disagree. This is not a case where HouseCanary attempted to redact exhibits but ultimately came up short. Instead, HouseCanary asserted below that the *only* way to protect its alleged trade secrets was to permanently seal all fourteen exhibits in their entirety. HouseCanary did not present any evidence to support that assertion and, as HouseCanary now recognizes, the exhibits themselves do not support that assertion. Where, as here, the party seeking to seal documents does not satisfy its burden on one of Rule 76a's plain requirements, Rule 76a requires the denial of the motion to seal. TEX. R. CIV. P. 76a(1)(b), (7); *see also* TEX. R. APP. P. 43.3. As the supreme court noted, "[T]he people of Texas have an interest in what goes on in their courts, and TUTSA does not eliminate that interest or adopt different sealing procedures for alleged trade secrets." *HouseCanary*, 622 S.W.3d at 264, n.7.

For these reasons, we sustain Title Source's second issue. Because our resolution of this issue is dispositive, we need not address Title Source's and the Media Intervenors' remaining arguments. TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's sealing order and render judgment denying HouseCanary's amended motion to seal.

Beth Watkins, Justice